WINCHESTER WOODS ASSOCIATES *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF MADISON (14197)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and F. X. HENNESSY, Js.

Argued March 19—decision released June 18, 1991

*Philip N. Costello,* town attorney, for the appellant (defendant).

*John W. Barnett,* for the appellee (plaintiff).

F. X. HENNESSY, J. This appeal arises out of the decision of the defendant planning and zoning commission of the town of Madison (commission) to deny the application of the plaintiff, Winchester Woods Associates, for a final approval of a resubdivision of the plaintiff's property. The plaintiff appealed the commission's decision to the Superior Court. The court, after a hearing, sustained the appeal and ordered the commission to issue to the plaintiff, upon demand, a certificate of approval of the plan of resubdivision. From that decision, the commission appealed to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023. We now reverse the judgment of the trial court.

The trial court found the following facts. In February, 1989, the plaintiffs filed an application with the commission for final resubdivision of Lots 10 and 11

in the plaintiff's Dream Lake Subdivision. Upon the commission's denial of the application, the plaintiff appealed to Superior Court, and that appeal has not yet been decided.[1] On May 31, 1989, the plaintiff filed another application with the commission requesting final approval of a resubdivision of the same property as that involved in the February, 1989 application. At its next regularly scheduled meeting on June 15, 1989, the commission voted not to accept the application, citing as its reason the provision of General Statutes § 8-26 that "[n]o planning commission shall be required to consider the application for approval of a subdivision plan while another application for subdivision of the same or substantially the same parcel is pending before the commission." Although the plaintiff's application appeared on the commission's agenda under the heading "Application For Which Public Hearing May Not Be Waived," no public hearing was either noticed or held.

The plaintiff's application of May 31, 1989, appeared on the agenda for the commission's August 17, 1989 meeting under the heading "Applications for Which Public Hearing is Not Required or May be Waived." Again the commission neither noticed nor held a public hearing on the application. At the August 17 meeting, the commission voted to deny the application on the ground that "[t]his is the second application on the same piece of property; the first application is pending in litigation; the Commission wishes to preclude automatic approval of the second application due to lack of action within the 65-day period."[2]

---

[1] Counsel for the commission stated at oral argument before this court that the plaintiff had filed two applications for resubdivision of the same parcel prior to its application of May 31, 1989, and that appeals of the denial of those applications were pending in Superior Court, Docket Nos. CV-89-0275421S and CV-89-0284702S.

[2] General Statutes § 8-26 provides in pertinent part: "The commission shall approve, modify and approve, or disapprove any subdivision or resub-

The plaintiff filed an appeal of the commission's decision with the Superior Court on September 27, 1989. Following a hearing on the issue of aggrievement, the trial court found the plaintiff to be aggrieved by the decision of the commission for the purpose of filing the appeal. The trial court sustained the plaintiff's appeal, concluding that the commission was required to consider the plaintiff's application and that its action of not accepting the application was improper and an abuse of its discretion. The trial court also concluded that the commission had not acted upon the plaintiff's May 31, 1989 application within the sixty-five day time period prescribed by § 8-26 and therefore ordered the commission to issue to the plaintiff, upon demand, a certificate of approval of its resubdivision plan.

In its appeal to this court, the commission claims that the trial court mistakenly concluded that: (1) the plaintiff was an aggrieved party with standing to maintain its appeal; (2) no application was pending before the commission within the meaning of § 8-26; (3) the sixty-five day deadline for action by the commission on the plaintiff's application had run from the submission of the application and not from the time of a public hearing; (4) the denial by the commission was not action on the plaintiff's application within the meaning of General Statutes § 8-26d; and (5) the plaintiff was entitled to a certificate of approval of the application, although no public hearing had ever been held on that application as required by § 8-26. While we agree with the trial court's conclusions as to the first and third claims, we

division application . . . within the period of time permitted under § 8-26d. . . . The failure of the commission to act thereon shall be considered as an approval . . . ."

General Statutes § 8-26d (b) provides in pertinent part: "A decision on an application for subdivision approval, on which no hearing is held, shall be rendered within sixty-five days after receipt of such application."

disagree with its remaining conclusions of law and with its order directing the commission to issue a certificate of approval to the plaintiff.

## I

The commission first contends that the plaintiff failed to meet its burden of proving that it is aggrieved by the decision of the commission. Before we address this claim, however, we consider the plaintiff's argument that this court should not consider the issue of aggrievement because the commission failed to raise that issue distinctly in the trial court as required by Practice Book § 4185.[3] We have previously responded to this argument and stated that because aggrievement is a jurisdictional question, it must be resolved even though the issue was not raised below. *Bakelaar* v. *West Haven,* 193 Conn. 59, 65, 475 A.2d 283 (1984).

" 'The fundamental test by which the status of aggrievement . . . is determined encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' *Nader* v. *Altermatt,* 166 Conn. 43, 51, 347 A.2d 89 (1974)." *Connecticut Business & Industry Assn., Inc.* v. *Commission on Hospitals & Health Care,* 214 Conn. 726, 730, 573 A.2d 736 (1990); *State Medical Society* v. *Board of Examiners*

---

[3] "[Practice Book] Sec. 4185 (Formerly Sec. 3063). ERRORS CONSIDERED
"The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court."

*in Podiatry,* 203 Conn. 295, 299–300, 524 A.2d 636 (1987). "Aggrievement is an issue of fact . . . and credibility is for the trier of the facts. . . . 'Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. . . .' " *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 496, 400 A.2d 726 (1978).

The record reflects that at the hearing before the trial court, James A. Miessau testified that he was a partner of the plaintiff partnership and that the partnership owned Lot 10 in the Dream Lake Subdivision and had an agreement with the owners of Lot 11 for an exchange of portions of Lot 11 for portions of Lot 10 upon final approval of the resubdivision application. The thrust of the commission's claim, for which it offers no authority, appears to be that in the absence of documentary evidence in support of Miessau's testimony, the plaintiff did not meet its burden of showing aggrievement.[4] This claim is without merit. Given the court's role to find facts and weigh credibility, there was sufficient evidence before the court as to the plaintiff's status as owner of the property for the court to conclude that the plaintiff was aggrieved. See *Bossert Corporation* v. *Norwalk,* 157 Conn. 279, 285, 253 A.2d 39 (1968); *Rogers* v. *Zoning Board of Appeals,* 154 Conn. 484, 488, 227 A.2d 91 (1967).

## II

The commission next challenges the trial court's conclusion that on June 15, 1989, the plaintiff's February application was no longer pending before the commission. The commission contends that the February application, although on appeal, continues to pend before it and that the commission properly exercised

---

[4] At the hearing on aggrievement, the commission conceded that the court could accept Miessau's testimony as sufficient to establish aggrievement.

its discretion pursuant to § 8-26 in refusing to accept the May application at its June meeting and in denying that application at its August meeting. While we agree that the plaintiff's February application was pending before the commission in June, we do not agree that the commission acted properly in refusing to accept the plaintiff's May application.

In 1977, the legislature amended § 8-26; see Public Acts 1977, No. 77-545, § 3; to include the provision that "[n]o planning commission shall be required to consider an application for approval of a subdivision plan while another application for subdivision of the same or substantially the same parcel is pending before the commission."[5] Inherent in this provision is the requirement that the commission exercise discretion to determine, upon receipt of an application, whether that application is the same or similar to an application which has been previously filed by the applicant, whether the prior application is pending before it and whether, in light of these questions, the application should be heard.

The trial court concluded that because the language "pending before the commission" is clear and unambiguous and does not encompass a commission decision that is on appeal to the Superior Court, the commission abused its discretion in not accepting the plaintiff's application at its June meeting. The commission argues that as long as the denial of the plaintiff's February application was on appeal, its ultimate fate before the commission was undecided because the commission could be required to reconsider the application if the plaintiff were successful on appeal.

"A fundamental tenet of statutory construction is that 'statutes are to be considered to give effect to the apparent intention of the lawmaking body.' *Verrastro* v.

---

[5] General Statutes § 8-18 defines "subdivision" to include resubdivision.

*Sivertsen,* 188 Conn. 213, 220, 448 A.2d 1344 (1982). When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance. *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 666, 560 A.2d 975 (1989). Where there is ambiguity in the statute, however, we ascertain the actual intent by looking to the language of the statute itself, its legislative history, the circumstances surrounding its enactment and its purpose. Id.; *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986).

Because we agree with the commission that the language "pending before the commission" could logically be construed to include a commission decision on appeal to the Superior Court, we conclude that that language creates an ambiguity such that the legislative intent is not readily apparent. We therefore broaden our search for the legislative intent.

The legislative history of Public Acts 1977, No. 77-545 indicates that the portion of Substitute House Bill 7988 that added the language that we now must interpret was intended to address the problem of multiple subdivision applications to planning commissions for the same parcel of land. On the floor of the House of Representatives, Representative Janet Polinsky stated that "[i]t has come to our attention . . . that some developers [use] numerous submittal[s] of subdivision applications on the same site with substantially the same plans to harass planning commissions and this problem is addressed in this portion of the bill." 20 H.R. Proc., Pt. 6, 1977 Sess., p. 2414.

Although statements made on the floor of the legislature are not controlling on statutory interpretation, we may take judicial notice of those statements, which

are strong indications of legislative intent. *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 195 n.8, 530 A.2d 171 (1987); *Manchester Sand & Gravel Co.* v. *South Windsor,* 203 Conn. 267, 276, 524 A.2d 621 (1987); *Verrastro* v. *Sivertsen,* supra, 223 n.9. To interpret the language "pending before the commission" to exclude a decision of the commission on appeal would defeat the purpose of the amendatory language, which was intended to confer discretion on the commission not to accept a second substantially similar application while the outcome of a prior application had not been finally resolved. A literal reading of the statute, by contrast, would permit a developer to file repeated applications proposing essentially the same plans for the same site, to take appeals from each adverse decision, and thus to impose unwarranted but possibly significant administrative and legal burdens on planning and zoning commissions. Also, such a literal reading would unduly confine the commission's discretion to reject a second application only to those situations where a prior application had been submitted to but was not acted upon by the commission. Because this interpretation would circumvent the legislative purpose, we construe "pending before the commission" as used in § 8-26 to include commission decisions on appeal to the Superior Court.

The discretion to be exercised by the commission pursuant to § 8-26 in determining whether to accept a second application for consideration is, however, not unlimited. The sole reason offered by the commission for not accepting the plaintiff's May application at its June meeting was a reference to the provision of § 8-26 that a commission is not required to consider an application for approval of a subdivision while another application for subdivision of the same or substantially the same parcel is pending before the commission. Given

the legislative purpose of the amendatory language to § 8-26, which we have outlined above, we conclude that the commission's denial of the plaintiff's application, without any consideration of whether that application differed substantively from the plaintiff's February application, was an abuse of its discretion.

### III

The commission's third, fourth and fifth claims arise out of the trial court's application of the automatic approval provision of § 8-26 to the facts of this case. We, therefore, will address those claims together.

Under §§ 8-26 and 8-26d (b),[6] the failure of the commission to "approve, modify and approve, or disapprove" a subdivision or resubdivision application, on which no hearing is held, within sixty-five days after receipt of such application results in the sanction of automatic approval. See *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 682, 495 A.2d 268 (1985). Section 8-26d (c) defines the day of receipt of an application as "the day of the next regularly scheduled meeting of such commission . . . immediately following the day of submission to such . . . commission . . . or thirty-five days after submission, whichever is sooner."

The trial court found the date of receipt for the plaintiff's application to be June 15, 1989, the day of the next regularly scheduled meeting of the commission following the submission of the application. Because no public hearing was held on the application, the court concluded, and we agree, that the commission had sixty-five days from June 15, 1989, in which to act on the application.[7] We disagree, however, with the court's

---

[6] See footnote 2, supra.

[7] Relying on the language of General Statutes § 8-26d (b), the trial court rejected the commission's argument that because General Statutes § 8-26

conclusion that the commission had not acted upon the plaintiff's application for resubdivision within the time period prescribed by § 8-26 to avoid the automatic approval sanction, and with the court's resulting order that the commission issue a certificate of approval to the plaintiff, upon demand.

At its meeting on June 15, 1989, the commission voted not to accept the plaintiff's resubdivision application. At its meeting on August 17, 1989, the commission voted to deny the same application for the stated reasons that this was the second application on the same piece of property, the first application was pending in litigation and the commission wished to preclude the automatic approval of the second application due to lack of action within the sixty-five day period.

The commission's vote not to accept the plaintiff's application at its June meeting, although based upon an incomplete examination of the factors to be considered in the exercise of its discretion and therefore an abuse of that discretion, was nevertheless an action by the commission. At its August meeting, the commission, uncertain of the application of the sixty-five day rule to situations where a subdivision application has not been accepted for consideration pursuant to § 8-26,[8]

states that "[n]o plan of resubdivision shall be acted upon by the commission without a public hearing," the sixty-five days does not and cannot begin to run until after the public hearing.

[8] The minutes of the commission's August 17, 1989 meeting indicate the commission's uncertainty as to whether the sixty-five day rule applies to resubdivision applications that have not been accepted: "The Chairman indicated this application was presented at the June meeting and the Commission did not accept it then because there is pending litigation on the same property. Atty. [Philip] Costello, Town Counsel, indicated the previous application for resubdivision was denied and is currently pending in Superior Court. This current application was subsequently filed. Under Section 8-26 of the Connecticut General Statutes, the Planning and Zoning Commission is not required to hear the newest application for the same parcel. The Commission Chairman asked Atty. Costello to determine if there is any

confirmed the action it had taken in June by voting to deny the May 31, 1989 application. Because the conduct of the commission at its June and August meetings was action disapproving the plaintiff's application and was taken within the sixty-five day period prescribed by § 8-26, we conclude that the trial court improperly ordered the commission to grant to the plaintiff, upon demand, a certificate of approval. The case must be returned to the commission for consideration of the plaintiff's application.

The judgment is reversed and the case is remanded with direction that it be returned to the commission for further proceedings consistent with this opinion.

In this opinion the other justices concurred.

jeopardy to the Commission for failure to act under the 65-day rule since the newest application was refused and the possibility there would be an automatic approval granted the second application. Atty. Costello indicated no court decisions of record discuss that possibility. In conclusion, he said, it might be wise to put the matter on the agenda and suggest taking a similar action to give the Planning and Zoning Commission a backup of its June intention. The action of denying it would constitute action rather than inaction during the 65-day period."