[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff, Susan G. Ellis and Richard N. Bergen, appeal the decision of the defendant Susan S. Addiss, Commissioner of CT Page 9466 Health Services (Commissioner), dismissing the plaintiffs' complaint against defendants Ambulance Service of Manchester, Inc. (Manchester Ambulance), Christine C. Dodd and Alan B. Connor. Also named as defendants are Paul J. Connelly, Acting Director of the Office of Emergency Medical Services (OEMS), Elizabeth Johnston, OEMS Investigator, and Thomas Santamauro, Chief of Licensure and Certification for OEMS. The Commissioner acted pursuant to 19-2a-11 and 19-2a-12 of the regulations of the Department of Health Services (Department). The plaintiffs claim a right to appeal pursuant to 19a-180(c) and 4-183 of the General Statutes. The court grants the motion to dismiss for lack of aggrievement.
The following facts are taken from plaintiffs' complaint and the parties' brief. The plaintiffs are emergency medical technicians and members of the Glastonbury Volunteer Ambulance Association, Inc. (Glastonbury Ambulance). Defendants Dodd and Connor are emergency medical service providers and employees of defendant Manchester Ambulance. In early August 1992, the plaintiffs filed a complaint with the Commissioner alleging that Manchester Ambulance, Dodd and Connor failed to maintain the standards of the emergency medical services profession and that they committed an act detrimental to the safety, health or welfare of patients or the general public in violation of19a-179-15(a) and 19a-179-9(f) of the Department's regulations governing the delivery of emergency medical services. Specifically, the plaintiffs complained that these defendants submitted to the director of the emergency room of Manchester Memorial Hospital, Dr. Joel Reich, a report falsely accusing the plaintiffs of not following proper procedures in responding to an emergency medical call. The plaintiffs sought revocation of the licenses or certificates of Manchester Ambulance, Dodd and Connor.
The plaintiffs' complaint was eventually referred to defendant Connelly and then assigned to defendant Johnston for investigation. In her report dated April 1, 1992, Johnston concluded that the plaintiffs' allegation could not be substantiated and that the OEMS considered the matter closed. The plaintiffs filed an "Application for Reconsideration of Dismissal of Petition," dated April 10, 1992, but it apparently was not acted on by the Commissioner or OEMS.
The plaintiffs filed this appeal from the dismissal of their complaint on May 15, 1992. The non-state defendants filed CT Page 9467 a motion to dismiss on grounds that (1) they are not proper parties, (2) plaintiffs are not aggrieved, and (3) this matter is not a "contested case" and does not involve a "final decision" within the meaning of the Uniform Administrative Procedure Act. The state defendants filed a motion to dismiss on grounds that the action appealed from is not a "final decision."
This court grants the non-state defendants' motion to dismiss for lack of aggrievement. Therefore, the remaining issues raised by the parties are not addressed.
Section 19a-180(c), pursuant to which plaintiffs claim a right to appeal, provides:
 (c) Any person or emergency medical service organization aggrieved by an act or decision of the [OEMS] regarding certification or licensure may appeal in the manner provided by chapter 54.
Similarly, 4-183, found in chapter 54, provides:
 (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.
"Aggrievement is a jurisdictional question. . . ."
Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 307 (1991).
 "`The fundamental test by which the status of aggrievement . . . is determined encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' . . ."
CT Page 9468 Id. (citations omitted).
"`Aggrievement is established if "there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." . . .'" State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 300
(1987) (citation omitted).
The defendants argue that the plaintiffs have no specific legal interest in the outcome of this proceeding and have suffered no injury from the agency action challenged. They claim that the alleged harm does not concern an interest of plaintiffs which is greater than the interest of the public in general.
The plaintiffs assert that because they had standing to file a complaint, they are aggrieved by the dismissal of that complaint. The plaintiffs also argue that they have a legally protected interest in not being "subjected to violations" of OEMS regulations by the non-state defendants, and that this interest has been adversely affected by the dismissal of their complaint. They claim that the submission of a false report concerning the plaintiffs violates the regulations cited and causes them injury. They also argue that once an investigation of a complaint is undertaken, the complaint may not be dismissed unless there is a lack of sufficient evidence, and therefore, that the plaintiffs have a right not to have their complaint dismissed if there was sufficient evidence to support it.
The plaintiffs cite to no statutory provisions governing the procedure for filing or handling petitions such as the one filed by plaintiffs. Section 19a-179 provides that "[t]he commissioner [of health services] shall be responsible for adopting . . . regulations regarding complaint procedures for the public and any emergency medical service organization." Department regulations concerning petitions include the following:
Sec. 19-2a-2. Definitions
. . .
 (k) "Petition" means a claim or assertion of alleged illegal action committed by a health professional or institution under the jurisdiction of the commissioner, CT Page 9469 department, board or commission.
Sec. 19-2a-6. Who may file a petition
 Any person or state agency may file a petition whenever he has cause to believe that any health professional or institution licensed by the department has been engaged or is engaging in any practice which violates a statute or regulation.
The regulations governing the delivery of emergency medical services which plaintiffs claim the non-state defendants violated provide:
Section 19a-179-9. Specifically Prohibited Acts
. . .
 (f) No person engaged in the provision of emergency medical services shall commit an act which is detrimental to the safety, health, or welfare of a patient or the general public.
. . .
If the Commissioner finds, after investigation and a hearing, that a provider of emergency medical services has violated the law or regulations, or if the Commissioner "finds that the provider has failed to maintain the standards of the emergency medical services profession," the Commissioner may issue a reprimand to the provider or suspend or revoke the provider's license. Regulations 19a-179-15. There is nothing in the statutes or regulations, however, which authorizes the Commissioner to award compensation or other relief to a petitioner/complainant, such as the plaintiff in this case.
A critical element of the concept of aggrievement for purposes of appellate review under the UAPA is that the appellant must establish "a specific, personal and legal interest in the subject matter of the decision" which is distinguished from the general interest that the public as a whole may have in the subject. And then the appellant must show that such personal interest has been injuriously affected by the decision. Winchester Woods Assoc. v. Planning Zoning Commission, supra 307. In the instant case, the subject matter CT Page 9470 of the Commissioner's decision was the plaintiffs' complaint that Manchester Ambulance had violated Regulations 19a-179-9. The plaintiffs had had legal standing to bring that complaint, based on Regulations 19-2a-6. But standing to bring the complaint does not mean that they are legally aggrieved by the Commissioner's dismissal of it. Regulations 19-2a-6 provides that "any person" may file such a complaint. The plaintiff's right to file it, therefore, was no different from that of any member of the public. Furthermore, if the Commissioner had ultimately taken any direct action on the complaint, it would have affected only the specific, personal and legal interests of the target of the complaint, Manchester Ambulance. It would not have provided any compensation or remedy to the plaintiffs. In acting on such a complaint, the Commissioner is enforcing the applicable statutes and regulations for the benefit of the public, not the complainant. Mere standing to bring the complaint, therefore, which the plaintiffs share with every member of the public, does not result in aggrievement when the complaint is dismissed. Nor does aggrievement result from the fact that the plaintiffs might have some interest in the decision based on their involvement in the subject matter of the complaint. The critical fact is that they had no legal interest in the potential penalty that the Commissioner might have imposed on Manchester Ambulance. See Hartford Distributors, Inc. v. Liquor Control Commission, 177 Conn. 616, 620-622
(1979).
For all of the above reasons, the court finds that the plaintiffs were not aggrieved by the Commissioner's decision within the meaning of General Statutes 4-183. Their appeal is, therefore, dismissed.
Maloney, J.