[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Lindsay W. Smith and Susan M. Smith, appeal the decision of the defendant Deep River Planning and Zoning Commission (the Commission), granting the defendant Ted Zito's CT Page 6967 (Zito) application for a special permit with certain conditions and the approval of a subdivision application. The parties have filed briefs and argument was heard by this court on March 10, 1998. For the reasons hereinafter stated, this appeal is dismissed.
 I. FACTS
By application dated May 2, 1996, pursuant to the Deep River Zoning Regulations § 5.10 and § 7.1 of the Deep River Subdivision Regulations, Zito filed with the Commission his "Application for Special Permit and Site Plan Review," as part of his application to subdivide 29.53 acres of his land into twelve (12) residential building lots. (Return of Record [ROR], Item 2.) The subject property is located in an R-80 zone. (ROR, Item 3.)
The public hearing regarding this application commenced on June 20, 1996 and was concluded on September 19, 1996.[1] (ROR, Items 35, 36.) At the October 17, 1996 regular meeting, the Commission granted the plaintiff's application for a special permit and approved the subdivision plan for the development of ten (10) rather than twelve (12) lots.[2] (ROR, Item 35.) Notice of the Commission's decision was published in theMiddletown Press on October 28, 1996. (ROR, Item 38.)
On November 19, 1996, the plaintiffs filed the present appeal pursuant to General Statutes § 8-8, requesting that this court sustain the appeal and reverse the Commission's decision to issue the special permit and approve the subdivision application. The plaintiffs claim that, by issuing the special permit and approving the subdivision application, the Commission acted arbitrarily, unreasonably, capriciously, illegally and in abuse of its discretion. (Plaintiffs' Appeal.)
On January 27, 1997, the Commission filed its answer. The plaintiffs filed their brief on March 27, 1997;[3] the Commission's brief was filed on April 1, 1997.
 II. Jurisdiction
Appeals from a decision of a zoning commission may be taken to the superior court. General Statutes § 8-8(b). "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory CT Page 6968 provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . ." (Citations omitted; internal quotations marks omitted.) Office of Consumer Counsel v. Department of PublicUtility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995).
 A. Failure to Exhaust Administrative Remedies
In its brief, the Commission claims that the plaintiffs failed to exhaust their administrative remedies by appealing the Commission's granting of the special permit directly to this court. (Plaintiffs' Brief, p. 2-5.) As a result, the Commission argues, this court lacks subject matter jurisdiction over the appeal of the granting of the special permit. The Commission does concede that this court has jurisdiction over the appeal of the approval of the subdivision application.
This particular issue was not addressed by any of the parties at the hearing before this court on March 10, 1998. Nevertheless, "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 145, now Practice Book (1998 Rev.) § 10-33. "It is axiomatic that once the issue of the subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914
(1991). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." (Alteration in original; citations omitted.) Mannweiler v.LaFlamme, 232 Conn. 27, 35, 653 A.2d 168 (1995). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." (Internal quotation marks omitted.) In re Judicial Inquiry No. 85-01,221 Conn. 625, 629, 605 A.2d 545 (1992).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . Exhaustion is required even in cases where the agency's jurisdiction over the proposed activity has been challenged. . . . This requirement reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the CT Page 6969 reviewing court the benefit of the local board's judgment." (Citations omitted; internal quotation marks omitted.) O GIndustries, Inc. v. Planning Zoning Commission, 232 Conn. 419,425, 655 A.2d 1121 (1995).
Section 9.3 of the Deep River Zoning Regulations provides that "any party aggrieved by a ruling of the Planning and Zoning Commission . . . shall file such appeal in accordance with the procedures established herein . . . in accordance with the provisions of § 8-7 of the State Statutes. . . ." General Statutes § 8-7 sets forth the procedures for appeals to the zoning board of appeals.
Given this explicit language, this court finds that the plaintiffs did fail to exhaust their administrative remedy by first appealing the Commission's granting of the special permit to the Deep River Zoning Board of Appeals. Therefore, this court lacks subject matter jurisdiction over the appeal of the granting of the special permit. Accordingly, this appeal as to the granting of the special permit is hereby ordered dismissed. Nevertheless, since this court does have jurisdiction as to the appeal of the subdivision approval, this court's analysis continues.
 B. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planningand Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991);DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. (Internal quotation marks omitted.) Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739
n. 12, 626 A.2d 705 (1993). An owner of property which forms the subject matter of the application to the commission is aggrieved.Winchester Woods Associates v. Planning and Zoning Commission,
supra, 219 Conn. 308. At the hearing on this matter, Susan M. Smith testified that she, along with her husband, Lindsay W. Smith, are the owners of property which abuts the subject property. Accordingly, this court finds that the plaintiffs are aggrieved.
 B. Timeliness and Service of Process
CT Page 6970
General Statutes § 8-8(b) requires that an appeal from a decision of a zoning commission "shall be commenced by service of process [on the chairperson of the board and the clerk of the municipality] within fifteen days from the date the notice of the decision was published. . . ." See General Statutes §§ 8-8 (b) and (e).
The Commission published notice of its decision in theMiddletown Press on October 28, 1996. (ROR, Item 38.) This appeal was served on Chairperson Peter Nucci and on Jean Nickse, Town Clerk, and on Ted Zito on November 8, 1996. (Sheriff's Return of Service.) Accordingly, the court finds that this appeal is timely.
Consequently, since this court has found that the plaintiffs are aggrieved and that this appeal was timely served on the proper parties, this court has jurisdiction.
 III. Discussion A. Scope of Review
"[U]pon appeal, the trial court reviews the record before the [administrative agency] to determine whether it has acted fairly or with proper motives or upon valid reasons. . . ." (Alteration in original; internal quotation marks omitted.) Spero v. ZoningBoard of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). When the decision of an administrative agency is challenged, "[t]he burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly." Id. "In applying the law to the facts of a particular case, the [commission] is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Id. "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [commission] supports the decision reached. . . . The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." (Citations omitted; internal quotation marks omitted.) Property Group, Inc. v.Planning Zoning Commission, 226 Conn. 684, 697, 628 A.2d 1277
(1993). CT Page 6971
 B. Standards Regarding Subdivision Approval
"It is axiomatic that a planning commission, in passing on a [subdivision] application, acts in a administrative capacity and is limited to determining whether the plan complies with the applicable regulations. . . . It is equally axiomatic that the trial court, in reviewing the action of a planning commission regarding a [subdivision] application, may not substitute its judgment on the facts for that of the planning commission. . . . The conclusions of the commission must stand if even one of the stated reasons is reasonably supported by the record." (Citations omitted.) R.B. Kent Son, Inc. v. Planning Commission,21 Conn. App. 370, 373, 573 A.2d 760 (1990). "In testing the decision of the commission, its action is reviewed in the light of the record developed before it." (Internal quotation marks omitted.)Westport v. Norwalk, 167 Conn. 151, 161, 355 A.2d 25 (1974). "The court should not engage in a microscopic search for defects because its role is not to perform administrative functions." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 33.8, p. 580.
The Commission in a document entitled "Amendment to minutes of October 17, 1996 meeting regarding application by Ted Zito," which is attached to the minutes of the December 12, 1996 meeting, set forth its reasons for approving the subdivision application as required by Subdivision Regulations § 3.9.3.[4] (ROR, Item 35, Amendment attached to Minutes of December 12, 1996 Meeting.) This amendment listed a multitude of reasons supporting the approval, all of which are reasonably supported by the record.[5]
 C. Analysis
At the hearing on this matter, the parties agreed to and argued five specific grounds for appeal. The plaintiffs conceded that any issues regarding lot size have been rendered moot by this court's decision in the Zito Appeal.
1. Disqualification of Commission Member
First, the plaintiffs claim that anyone holding a salaried municipal office is precluded from membership on a zoning commission. Specifically, the plaintiffs claim that the Deep River dispatcher, Mr. Kastner, holds such a salaried municipal office, which should have precluded his participation in this CT Page 6972 matter.[6] (Plaintiffs' Brief, p. 26-29.)
In the creation of zoning commissions, General Statutes §8-19 provides that such commission "shall consist of five members, who shall be electors of such municipality holding no salaried municipal office. . . ." Additionally, General Statutes § 8-11 provides that "[n]o member of any zoning commission . . . shall participate in the hearing or decision of the . . . commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense."
This court, after reviewing the transcripts of the proceedings before the Commission, concludes that Mr. Kastner took no significant part in these proceedings. (ROR, Items 6, 10, 18, 25.) Even if this court were to determine that he is, in fact, a salaried municipal officer, this court cannot conclude that his minimal participation constituted "material prejudice to the complaining party. . . ." (Internal quotation marks omitted.)Murach v. Planning Commission, 196 Conn. 192, 205, 491 A.2d 1058
(1985). Additionally, the subject applications were unanimously approved by the six voting members. Therefore, "his presence and vote will not invalidate the result and further that a majority vote need not be invalidated where the interet of a member is general or of a minor character." Id., 206. As a result, "no actual conflict of interest existed as a result of his participation in the vote." Id. Consequently, Mr. Kastner's participation in these matters does not require that this court invalidate the Commission's approval of the subdivision application.
2. Open Space
Next, the plaintiffs claim that the Commission violated its own regulations by not enforcing the open space requirement in accordance with Regulations § 5.10.7(b) and (c). Additionally, the plaintiffs argue that the open space provisions themselves contain vague and unenforceable language. (Plaintiffs' Brief, p. 8-13.)
The Commission stated in its reasons for approving the application that the open space was adequate. (ROR, Item 35, Amendment Attached to Minutes of December 12, 1996 Meeting.) As previously stated, the record reasonably supports the Commission's decision in this regard. In addition, the plaintiffs CT Page 6973 have failed to sustain their heavy burden of showing that these regulations are unconstitutionally vague as applied to the facts of this case. See Barberino Realty and Development Corp. v.Planning Zoning Commission, 222 Conn. 607, 620, 610 A.2d 1205
(1992).
3. Continuation of Public Hearing
Third, the plaintiffs argue that the public hearing on this matter, which commenced on June 20, 1996 and was not concluded until September 19, 1996, was impermissibly extended beyond the time permitted in General Statutes § 8-7d(a) and § 8-26d
(a).[7] (Plaintiffs' Brief, pp. 24-26.)
The applicant, Mr. Zito, did consent in writing to each extension of the public hearing. (ROR, Items 12, 19.) The plaintiffs, through counsel, did object to the continuation of the public hearing. (ROR, Item 25, p. 25-27.)
The plaintiffs suggest that the appropriate remedy is remand. Nevertheless, this court finds no authority for the remedy advanced by the plaintiffs, which would not protect the applicant from indefinite delays. Pursuant to General Statutes § 8-3(g), the remedy for the failure of a board or commission to act within the required time periods is automatic approval of the application. This remedy is clearly intended to protect the applicant from any indefinite delays in the progression of the application.
"There is a strong presumption of regularity in the proceedings of a public body such as a municipal planning and zoning commission. . . . Even if that presumption concerning the proceedings is rebutted, however, not all procedural irregularities require a reviewing court to set aside an administrative decision; material prejudice to the complaining party must be shown." (Citations omitted; internal quotation marks omitted.) Murach v. Planning Zoning Commission, supra,196 Conn. 205. The plaintiffs have not shown that they have been materially prejudiced in any way by the continuation of this public hearing beyond statutory time limits. Accordingly, this procedural irregularity requires neither a new hearing nor a reversal of the Commission's decision.
4. Due Process Concerns CT Page 6974
In their brief, the plaintiffs claim that the Chairman of the Commission provided the Commission with the results of his independent research without giving the public the opportunity to rebut this information. Moreover, the plaintiffs claim that the Chairman exhibited bias in favor of the application throughout the process, which resulted in unlawful and prejudicial action. (Plaintiffs' Brief, p. 18-19.)
Nevertheless, since this particular issue was never raised in the plaintiffs' appeal, the plaintiffs have waived any right to have this issue determined by this court. See R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 27.18, p. 501.
5. General Standards
Finally, the plaintiffs claim that the Commission's decision is illegal and improper because it failed to meet the standards set forth in Regulations § 5.10.8. (Plaintiffs' Brief, p. 13-18.) In particular, the plaintiffs argue that the Commission disregarded the testimony of Dr. Peter Sakolowski who rendered an expert opinion in opposition to the application.
"A reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the commission. . . . Furthermore, on factual issues material to the reasons for the commission's decision, the credibility of witnesses is within the province of the commission." (Citation omitted.) Whisper WindDevelopment Corporation v. Planning Zoning Commission,32 Conn. App. 515, 523, 630 A.2d 108 (1993). Therefore, the Commission was free to disregard Dr. Sakolowski's testimony.
 IV. Conclusion
This court's review of the entire transcript of the hearings on this application has revealed that the Commission fully explored the facts regarding the required findings for subdivision approval and adequately set forth its reasons for approving the subdivision application, all of which are reasonably supported by the record.
Accordingly, the present appeal is dismissed as to the appeal of the granting of the special permit for lack of subject matter jurisdiction. The appeal is dismissed as to the approval of the subdivision application for the reasons hereinbefore stated. CT Page 6975
BY THE COURT:
HIGGINS, J.