[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Christopher Komondy and Marguerite Edwards, d/b/a C M Associates, appeal the decision of the Defendant, Chester Zoning Board of Appeals (the Board), to uphold a Cease and Desist Order issued by the Chester Zoning Compliance Officer (ZCO). The parties have filed briefs and argument was heard by this court on November 18, 1998. For the reasons stated below, the appeal is dismissed.
 I. FACT
The record reveals the following facts. The subject property is located in an R-1 Residential Zone and is improved with two buildings. (Return of Record [ROR], Item 1.) Prior to 1992, the former owner, M.S. Brooks Sons, Inc., operated a light manufacturing business, which was a pre-existing, non-conforming use of the property. On April 2, 1992, the Chester Planning and Zoning Commission (the Commission) found that this non-conforming use had not been abandoned and could be continued by any potential purchaser (ROR, Item 26-L). Thereafter, the plaintiffs purchased the property.
On June 17, 1993, the plaintiffs were issued a zoning permit CT Page 14026 for the placement of a temporary, construction office trailer and box trailers "for the purpose of storage and keeping of materials and tools during the construction and repair of the premises." (ROR, Item 26-C.) The permit specified a six month period for the maintenance of the office trailer. The box trailers would be permitted for the duration of the construction and repair process. The record reflects that the office trailer and two box trailers placed on the premises pursuant to this permit had been removed at the time the Cease and Desist Order issued. (ROR: Item 27, p. 4.) Nevertheless, prior to the issuance of the Cease and Desist Order, a licensed trailer (the subject trailer) was placed on the premises where it remained up to and including the time of the Board's vote on the plaintiffs' appeal. (ROR: Item 27, p. 5, 7; Item 28, p. 2-3.)
On September 8, 1994, the plaintiffs were issued a zoning permit to continue the pre-existing, non-conforming use. (ROR, Item 26-G.) The permit authorized activities including "approximately 1,500 square feet of space for light manufacturing small machine shop — design of prototype jewelry and craft items, sample production runs for cost feasibility studies." The permit does not specifically authorize warehousing or storage.
Thereafter, the plaintiffs applied for a Special Exception to permit a particular mail order/warehouse type business. (ROR, Item 26-1.) On October 6, 1994, the Commission granted the Special Exception subject to eight conditions. (ROR, Item 26-3.) The plaintiffs did not appeal any of the conditions. The Memorandum of Decision for the Special Exception stated, "[p]ursuant to Section 50A.1 of the Chester Zoning Regulations, a grant of special exception is hereby granted for the use of structure and premises herein referenced for the purpose of administrative offices; warehousing and wholesaling; order fulfillment; and philatelic mail order. All is per the application, plans and documents approved and made a part of the memorandum of decision." (ROR, Item 26-3.)
On March 27, 1996, the ZCO issued a Cease and Desist Order requiring that the plaintiffs remove box trailers from the subject premises and repair certain boarded windows on the building. (ROR, Item 26-A.) The plaintiffs appealed the Cease and Desist Order to the defendant Board pursuant to General Statutes § 8-6 (a)(1)[1] and § 8-7[2]. (ROR, Item 1.) The Board held a public hearing on July 15, 1996 and again on August 19, 1996. (ROR, Items 27 and 28.) Following the close of CT Page 14027 the public hearing on August 19, 1996, the Board voted four to one to uphold the ZCO's decision. (ROR, Item 22.)
On October 9, 1996, after timely service of process, the plaintiffs filed this present appeal pursuant to General Statutes § 8-8 (b), claiming that the Board acted illegally, arbitrarily and in abuse of its discretion in that the Board failed to determine that (1) the box trailers were a valid, pre-existing non-conforming use; (2) the box trailers were a permitted use by special exception; (3) the ZCO was guilty of selective enforcement[3]; (4) the ZCO exceeded his authority by requiring the window repairs; (5) condition eight of the Special Exception referred to in the Cease and Desist Order is unconstitutionally vague and unenforceable as applied[4]; (6) the Board failed to state on the record its reasons for upholding the ZCO's order; (7) denial of the appeal was not based on substantial evidence; and (8) any other errors which the record may reveal. (Plaintiffs' Appeal, p. 3.)
On February 10, 1997, the defendants filed their answer. After a number of motions for extension of time, the plaintiffs filed their brief on April 7, 1998; the defendants' brief was filed on May 26, 1998. This court has carefully considered the testimony and evidence contained in the entire record, the parties' briefs and their oral arguments.
 II. Jurisdiction
Appeals from a decision of a zoning board may be taken to the superior court. General Statutes § 8-8 (b). "Appeals to courts from administrative agencies exist only under statutory authority . . . A statutory right to appeal must be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal . . ." (Citations omitted; internal quotations marks omitted.) Office of Consumer Counsel v. Department of PublicUtility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995).
 A. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v.Plannina and Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991); DiBonaventura v. Zoning Board of Appeals,
CT Page 1402824 Conn. App. 369, 373, 588 A.2d 244 (1991). "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) ConnecticutResources Recovery Authority v. Planninq Zoning Commission,225 Conn. 731, 739 n. 12, 626 A.2d 705 (1993).
An owner of property which forms the subject matter of the application to the board is aggrieved. Winchester WoodsAssociates v. Planninq and Zoning Commission, supra,219 Conn. 308. At trial, the plaintiff, Mr. Komondy, submitted a certified copy of the deed, which indicates that he and Ms. Edwards are the owners of the subject property. (Exhibit 1.) Accordingly, this court finds that the plaintiffs are aggrieved.
 B. Timeliness and Service of Process
General Status § 8-8 (b) requires that an appeal from a decision of a zoning board "shall be commenced by service of process [on the chairperson of the board and the clerk of the municipality] within fifteen days from the date the notice of the decision was published . . ." See General Statutes §§ 8-8
(b), (e) and (f).
On August 19, 1996, the Board voted four to one to uphold the decision of the ZCO. (ROR, Item 22.) By letter dated August 30, 1996, the plaintiffs received notice of the Board's decision. (ROR, Item 25.)
The plaintiffs state in their appeal that legal notice of the Board's decision was published in the Hartford Courant on or about September 2, 1996. (Plaintiffs' Appeal, p. 2.) Nevertheless, the Return of Record does not contain evidence of such publication, although it does contain a document entitled "Legal Notice." (ROR, Item 24.)
General Statutes § 8-7 provides that "[n]otice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board . . . In any case in which such notice is not published within such fifteen-day period, the person who . . . took such appeal may provide for the publication of such notice within ten days thereafter." CT Page 14029
Since the plaintiffs have not contested the publication of the notice, this court finds that notice of the Board's decision was sufficient.
This appeal was served on Chairperson Frank Lavezzoli and on Debra Calamari, Town Clerk, on September 13, 1996. (Sheriff's Return of Service.) Additionally, on that same date, this appeal was served on the named defendant, Larry Gilliam, Zoning Compliance Officer. (Sheriff's Return of Service.) Accordingly, the court also finds that the appeal was timely served on the appropriate parties.
Consequently, since this court has found that the plaintiffs are aggrieved and that this appeal was timely served on the proper parties, this court has jurisdiction.
 III. Scope of Review
An appeal from an action of a zoning enforcement officer is taken to the zoning board of appeals, which hears and decides the matter de novo. Caserta v. Zoning Board of Appeals,226 Conn. 80, 88-89, 626 A.2d 744 (1993). Thereafter, a court, in deciding the appeal of the board's decision, must focus on the board's decision and the record before the board. Id., 80. "[T]he same test as applied for judicial review of a special permit or variance would apply to appeals from the zoning board of appeals on its review of the action of the zoning enforcement officer" R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 33.7, p. 577.
"[U]pon appeal, the trial court reviews the record before the [board] to determine whether it has acted fairly or with proper motives or upon valid reasons . . ." (Internal quotation marks omitted.) Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991). When the decision of an administrative agency is challenged, "[t]he burden of proof is on the plaintiff to demonstrate that the board acted improperly." Id. "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Id.
"In appeals from administrative zoning decisions, . . . the decisions will be invalidated . . . if they were not supported by `substantial' evidence in that record . . . The substantial CT Page 14030 evidence' standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."[5] (Internal quotation marks omitted.) Kaufman v.Zoning Commission, 232 Conn. 122, 151, 653 A.2d 798 (1995). "The question is not whether the trial court would have reached the same conclusion, but whether the record before the [board] supports the decision reached . . . The action of the [board] should be sustained if even one of the stated reasons is sufficient to support it." (Citations omitted; Internal quotation marks omitted.) Property Group, Inc. v. planning Zoning Commission, 226 Conn. 684, 697, 628 A.2d 1277 (1993).
 IV. Discussion
The minutes of the August 19, 1996 meeting reflect that, in voting on the plaintiffs' appeal, the board reasoned that "the applicant was not in compliance with the original intent of the zoning approval because the trailer is storing personal items. The trailer was purchased for moving and has not been used for business."[6] (ROR, Item 22.) Thereafter, the Board voted four to Zone to uphold the Cease and Desist Order. Consequently, if this reason is supported by substantial evidence in the record, this court must uphold the Board's decision.
The zoning permit authorizing the placement of the box trailers is issued to the business, C M Associates. (ROR, Item 26-C.) The permit clearly states that the trailers are permitted "for the purpose of storage and keeping of materials and tools during construction and repair of the premises."
In reviewing the language of the Board's reason for upholding the Cease and Desist Order in conjunction with the language of the permit, it is clear that, in issuing the zoning permit, the Board intended to authorize the business to place storage trailers on the premises to store, on a temporary basis, materials and tools incident to the construction and repair of the business at 33 Liberty Street. Therefore, if the record reveals substantial evidence that the actual usage of the subject trailer differs from the intended usage permitted in the zoning permit, the Board's decision must be upheld.
At the public hearings, the plaintiff, Mr. Komondy, engaged in elaborate attempts to distinguish the subject trailer from a storage vessel. He stated that the subject trailer "is an CT Page 14031 over the road trailer. It has a license plate on it. It is not a storage trailer. It is a regular piece of rolling stock." (ROR, Item 27, p. 5.) The plaintiffs argued that because this particular trailer is licensed to travel on the roads, it differs from the box trailers placed on the property strictly for storage. Nevertheless, Mr. Komondy also conceded that the trailer "has not moved now the last six months . . ." (ROR, Item 27, p. 7-8.) When asked what the trailer contained, Mr. Komondy admitted that it contained "[s]ome personal belongings. We bought the house next door and we're in the process of moving in." (ROR, Item 27, p. 8.)
Indeed, on numerous occasions in the record, the plaintiff speaks of other trailers that are delivered and remain on the premises for several months for unloading. (ROR: Item 27, p. 24, 32; Item 28, p. 12.) Mr. Komondy explicitly stated, "I unloaded the trailers at my leisure. This is a warehousing operation and there is nothing in the Zoning Regulations that tells me I have to have the trailer loaded and unloaded in a certain period of time. That defies common sense." (ROR: Item 28, p. 12.) Finally, Mr. Komondy submitted letters from prior owners indicating that storage trailers on the premises were commonplace during the prior uses. (ROR, Items 26-F and 26-O.)
In opposition to the plaintiffs' evidence, neighbors indicated that the uses by prior owners never included storage trailers which remained on the premises long term. (ROR: Item 27, p. 21; Item 28, p. 9, 11.) Additionally, the ZCO indicated that, to the best of his knowledge, prior owners did not maintain storage trailers on the premises for any constant periods of time. (ROR: Item 28, p. 4.)
Clearly, the Board made a determination regarding the credibility of the conflicting evidence on this issue. "A reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the [board] . . . Furthermore, on factual issues material to the reasons for the [board's] decision, the credibility of witnesses is within the province of the [board]." (Citation omitted.) Whisper WindDevelopment Corporation v. Planning Zoning Commission,32 Conn. App. 515, 523, 630 A.2d 108 (1993), aff'd., 229 Conn. 176,640 A.2d 100 (1994).
Mr. Komondy is correct in stating that he is permitted to maintain a warehousing operation. He has been granted a Special CT Page 14032 Exception for that purpose. Interestingly, the permitted, prior, non-conforming use was not labelled warehousing, but, instead, was labelled light manufacturing. Nevertheless, the Special Exception was granted in reliance upon the representations made by the plaintiffs in their application for the Special Exception and its supporting documents, which do not indicate that the plaintiffs intended to warehouse outside the buildings in trailers. Pursuant to a zoning permit, storage in trailers was permitted, temporarily, for the duration of construction and repair work. Trailers installed incident to the permit have been removed. (ROR: Item 27, p. 4). The subject trailer contains largely personal items, stored therein incident to the plaintiffs move into a residence on a parcel adjacent to the subject premises. (ROR: Item 27, p. 8.)
Clearly, this use is not in keeping with the usage intended and authorized by the zoning permit. A trailer, licensed or not, which contains something and remains stationary for six months can reasonably be viewed by the Board as a storage vessel. The trailer has not rolled and it stores personal belongings, which are unconnected to the business of C M Associates or the construction/repair work at 33 Liberty Street. The findings of the Board in this regard may differ from the court's analysis, but they cannot be said to be unreasonable.
It is a well-settled principle of administrative law that if any one reason is sufficient to support the Commission's denial, the court must uphold the Commission's decision. Frito-lay, Inc. v. Planning and zoning Commission of the Town of Killinqly,206 Conn. 554, 570, 538 A.2d 1039 (1988). This court's review of the record reveal substantial evidence supporting the Board's sole reason for upholding the Cease and Desist Order issued by the ZCO. The subject trailer is not being utilized for the purpose intended by the permit authorizing its existence.
 VII. Conclusion
In conclusion, this court finds that the Board's decision to uphold the Cease and Desist Order was not unreasonable, arbitrary or illegal. Instead, the Board's decision is supported by substantial evidence in the record.
Accordingly, for the foregoing reasons, the plaintiffs' appeal is dismissed. CT Page 14033
BY THE COURT
FOLEY, J.