[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13340 RE: MOTION TO DISMISS
The defendants move to dismiss this appeal pursuant to Section 8-8 (j) of the Connecticut General Statutes and Rule10-31 and 10-33 of the Connecticut Rules of Practice. The defendant has filed a supporting memorandum of law and despite orders of this court directed to the plaintiff to file its memorandum of law they have failed to comply. The defendants argue that this court lacks subject matter jurisdiction and that the court is without jurisdiction to hear this appeal.
The brief of the defendant asserts that on June 2, 1999 the defendants issued subpoenas directing the plaintiffs to appear on June 8, 1999 with all documents showing plaintiffs legal interest in the subject property. The hearing had been scheduled for June 8 and continued as appears of record to June 22, 1999. The court heard the plaintiff Kenneth G. Whelan ("Whelan") on the requirement of aggrievement.
Whelan testified that there was a written lease for the premises, the subject of this appeal, from July 1, 1997 to May 30, 1998, Exhibit 1. Whelan is the pastor of Victory Church which is a store-front church at the address of 1182-1184 Dixwell Ave. pursuant to the written lease marked Exhibit 1. The court at page 8 of the transcript as on file informed the plaintiff that "the aggrievement would have to show under the law that he has a legal interest of which he is affected by the decision of the ZBA." Whelan testified he was a tenant under the written lease. Whelan applied for a variance on November 21, 1997. A hearing by the ZBA was held on March 19, 1998 to occupy the premises as a chapel which was denied. Whelan testified that he was still occupying the premises as of the date of trial under a written lease, Exhibit 2 for identification, dated July 5, 1998. The defendant objected to the introduction of Exhibit 2 (Id) on the grounds that it was a copy and not an original signed lease (Tr. 13) but rather a copy of the prior lease Exhibit 1 with the dates altered.
Whelan testified that he did not prepare Exhibit 2 (Id) and that it was prepared by the landlord not a party to this appeal. The court advised counsel for the applicant that he would be required under the circumstances to have the landlord testify' as to what she told him regarding Exhibit 2 (Id). The defendant's CT Page 13341 objection to its admission was sustained informing counsel that it was not the best evidence and that no explanation was given to explain production of the original.
The plaintiff did not give to the court any foundation to introduce secondary evidence for admission of Exhibit 2 (Id). The only claim was that Exhibit 2 was a copy of Exhibit 1 that the landlord altered to accommodate for current dates.
Whelan went on to testify that he was a month to month tenant by paying the installments as provided in Exhibit 1.
Under cross examination Whelan testified that the only lease signed by him was Exhibit 1.
The plaintiff conceded that Exhibit 2 (Id) had not been signed by him and that it was a copy not signed by the parties. The plaintiff argues:
 "Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Wood Assoc. v. Planning Zoning Commission, 219 Conn. 303, 307 (1991). It is plaintiffs' burden to allege and prove aggrievement. Id. Conn. Gen. Stats. Sec. 808(j). The issue of aggrievement is a question of fact to be determined by the trial court. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989). Whenever the absence of jurisdiction is brought to the court's attention, it must be decided before any further action is taken. East Side Civic Association v. Planning Zoning Commission, 161 Conn. 558, 559 (1971); Transcript. p. 27.
 (T)he extent to which a party with an interest in the property other than that of an owner is aggrieved depends on the circumstances of each case, because of the concept of standing is a practical and functional one designed to ensure that only those parties with a substantial and legitimate interest can appeal. . . ." Primerica, supra. In order to retain standing as an aggrieved person, a party must have an maintain a specific, personal and legal interest in the subject matter of the appeal throughout the course of the appeal. Primerica, supra at 94. (Emphasis added.) While the cases have held that, under certain circumstances, a lessee may be aggrieved by the decision of a local zoning board of appeals (see, for example, R R Pool Home, Inc. v. Zoning Board of Appeals of Ridgefield, 43 Conn. App. 563 (1996)), defendants are aware CT Page 13342 of no Connecticut case, at either the trial or appellate level, which has held that a tenant under a month-to-month tenancy has sufficient legal interest to satisfy the requisite burden of proof regarding aggrievement."
The plaintiff has failed to show sufficient legal interest to satisfy the requisite burden of proof and does not have standing merely on his month to month tenancy.
The plaintiffs attempt to introduce Exhibit 2 (Id) is unavailing since anyone could have photocopied the original lease Exhibit 1 with a change of dates. The owner is a resident of Hamden, Connecticut and was not produced for trial.
Accordingly, motion to dismiss the appeal is granted.
Frank S. Meadow Judge Trial Referee