[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff, NT Partnership (hereinafter "NT") purchased the property in question, located at 285 Wellsville Avenue, New Milford, Connecticut by warranty deed dated May 5, 1994.
At the time that NT purchased the property there existed on the property, a house, commercial office/retail space and one finished and two "roughed in" apartments. (Record, Ex. K.) NT added two additional apartments in 1996. (Record, Ex. K.) All five apartments are contained within a single building. The additional apartments were created within the building that existed and did not require expansion of the structure.
On March 5, 2001, Kathleen Castagnetta, the New Milford Zoning Enforcement Officer (hereinafter "ZEO"), issued a cease and desist order to NT citing a violation of Chapter 65, the Industrial District Regulations, which do not permit residential apartments in an industrial zone in New Milford. (Record, Ex. A.) On March 20, 2001, the ZEO, by letter to NT, recognized the legality of one apartment pre-existing the adoption of zoning regulations in New Milford in 1971. NT appealed the issuance of the cease and desist order to the New Milford Zoning Board of Appeals (hereinafter "ZBA"). NT claimed that the apartments (5) were a nonconforming use of the property. The ZBA, after a hearing held on May 16, 2001, voted to sustain the cease and desist order.
AGGRIEVEMENT
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192 (1996). A plaintiff's status as owner of the subject property establishes aggrievement. Winchester Woods Associates v. Planning and ZoningCommission, 219 Conn. 303, 308 (1991). The applicant is aggrieved as it is the owner of the property as evidenced by the warranty deed that was plaintiff's Exhibit One at the hearing on this matter.
DISCUSSION
The issue before the court is whether the additional apartments on the NT's premises are an expansion of the nonconforming use rather than an intensification of the non-conforming use. CT Page 10756
The case of Zachs v. Zoning Board of Appeals, 218 Conn. 324 (1991) is the case which established the analysis on this issue. The Zachs court held that to constitute an expansion, there must be a change in the character of the use. Id, 331.
The Zachs court then established the three factors the court must review to reach this determination.
 In deciding whether the current activity is within the scope of a nonconforming use consideration should be given to three factors: (1) the extent to which the current use reflects the nature and purpose of the original use; (2) any differences in the character, nature and kind of use involved; and (3) any substantial difference in effect upon the neighborhood resulting form differences in the activities conducted on the property.
Id, 332.
The burden of establishing the existence of a valid nonconforming use as of the effective date of the zoning regulations, is on the property owner. Pleasant View Farms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 272 (1991). In order for a use to be a protected nonconforming use, it must be lawful and in existence at the time the zoning regulations making the use nonconforming was enacted. HelicopterAssociates, Inc. v. Stamford, 201 Conn. 700, 712 (1986); Petruzzi v.Zoning Board of Appeals, 176 Conn. 479, 482-83 (1979).
There is no dispute that at the time that the zoning regulations were adopted in New Milford in 1971, that the property had only one apartment which would be protected and allowed as a valid nonconforming use in an industrial zone. (Record, Ex. F.) The additional apartments were added after 1971.
This court relies on the decision in Hansworth v. Zoning Board ofAppeals of the Town of Monroe, Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. 299728 (September 29, 1993, Fuller,J.), in reaching its conclusions in this matter.
In the Hansworth case, the issue was whether the court should uphold the cease and desist order which was issued to remove a fourth apartment on the plaintiff's property. The court found that three apartments existed prior to the zoning regulations taking effect. These apartments would be protected as valid nonconforming uses. The fourth apartment was CT Page 10757 added subsequent to the zoning regulations taking effect.
The court found that: "The expansion of the use of the building from a three family residence to a four family residence is an extension rather than an intensification of a non-conforming use. . . . Any increase in the number of dwelling units is an expansion of the use." Id.
The court finds the reasoning by Judge Fuller in the Hansworth case most persuasive. In view of the similarity of the facts in the present action with the Hansworth case, this court concludes that the additional four apartments added to the property subsequent to the zoning regulations in New Milford taking effect in 1971 are an expansion of the nonconforming use. The cease and desist order issued is upheld.
The plaintiff's appeal is dismissed.
Agati, J.