MILDRED MERLO *v.* THE PLANNING AND ZONING COMMISSION OF THE TOWN OF WETHERSFIELD (12524)·

PETERS, C. J., HEALEY, SHEA, CALLAHAN and BRENNAN, Js.

Argued May 2—decision released July 16, 1985

*Vincent F. Sabatini,* with whom was *Pamela S. Lorch,* for the appellant (defendant).

*Paul J. Aparo,* with whom was *Harold F. Keith,* for the appellee (plaintiff).

SHEA, J. In this mandamus action the plaintiff sought an order that the defendant commission issue a certificate of approval of a subdivision plan she had submitted upon which a public hearing had been held by the commission. The ground relied upon by the plaintiff in her complaint was that the commission had failed to "approve, modify and approve, or disapprove" her subdivision plan, as required by General Statutes § 8-26,[1] "within the period of time permitted under sec-

[1] The pertinent portion of General Statutes § 8-26 is as follows: "The commission shall approve, modify and approve, or disapprove any subdivision

tion 8-26d,"[2] which provides that "[a]ll decisions on such matters shall be rendered within sixty-five days after completion of such hearing." The trial court, *Hon. Joseph E. Klau,* state referee, concluded that the commission had disapproved the subdivision plan within the time allowed and rendered judgment for the defendant. On appeal by the plaintiff, the Appellate Court, *Testo, Hull* and *Borden, Js.,* reversed the judgment of the trial court and ordered the defendant to certify its approval of the subdivision plan. *Merlo* v. *Planning & Zoning Commission,* 1 Conn. App. 621, 474 A.2d 477 (1984). Pursuant to General Statutes § 51-197f the defendant petitioned this court to certify the case for our review, and the petition was granted. We reverse the judgment of the Appellate Court and effectively reinstate the judgment of the trial court.

On November 15, 1977, the plaintiff applied to the defendant planning and zoning commission of Wethersfield for approval of a forty-two lot subdivision of her land located on Wells Road and Crest Street in that town. A public hearing on the application was held on January 3, 1978. The parties have stipulated that valid extensions of the statutory period for action on the subdivision plan, as requested by the plaintiff, were granted by the commission until July 18, 1978. Within

---

or resubdivision application or maps and plans submitted therewith, including existing subdivisions or resubdivisions made in violation of this section, within the period of time permitted under § 8-26d."

[2] General Statutes § 8-26d (a) provides as follows: "In all matters wherein a formal application, request or appeal is submitted to a planning commission under this chapter and a hearing is held on such application, request or appeal, such hearing shall commence within sixty-five days after receipt of such application, request or appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. The applicant may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such application, request or appeal."

this period, on June 22, 1978, a regularly scheduled meeting of the commission was held at which the plaintiff's subdivision plan was considered. At this meeting a motion was made and seconded that the plan be approved subject to three "stipulations." During the ensuing discussion several additional stipulations were proposed as amendments to the motion on the floor, but these were defeated. The original movant, as well as the commissioner who had seconded that proposal, accepted two additional stipulations for inclusion in their motion for approval of the subdivision. After some further debate the amended motion was disapproved by a vote of five to four. The minutes of the meeting recite that "the motion, with stipulations, was DISAPPROVED." The commission clerk, in accordance with General Statutes § 8-26, on July 28, 1978, published a legal notice of the decision on the application as follows: "motion to approve FAILED TO CARRY: Therefore this application was DENIED." The commission took no further action on the plaintiff's application.

The plaintiff, on August 8, 1978, made demand on the commission for a certificate of subdivision approval, claiming that because the commission had failed to "approve, modify and approve, or disapprove" her application as required by § 8-26, the subdivision plan had been automatically approved as the statute provided. The commission on August 15, 1978, denied this request, maintaining that it had disapproved the application on June 22, 1978. Almost two years later, the plaintiff by a complaint dated July 31, 1980, commenced this action of mandamus. At the same time she filed an administrative appeal from the commission's August 15 decision alleging, in the first count, the refusal of the board to issue the requested certificate of subdivision approval and, in the second count, that the commission had acted arbitrarily and illegally by failing to take the requisite statutory action within the

time prescribed and by exceeding its authority in not recognizing that the plan complied with the subdivision regulations. The administrative appeal is still pending in the trial court.

I

The defendant commission has raised in this court, as well as in the Appellate Court, a jurisdictional issue concerning the propriety of mandamus as a remedy where there is a statutory appeal available, such as that pending, in which a plaintiff includes as one ground for relief essentially the same claim presented in the mandamus action.[3] The commission relies on the principle that "when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979); see *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 685, 485 A.2d 1272 (1984). With respect to the extraordinary writ of mandamus, it is well established that an essential prerequisite for issuance of the writ is the absence of any other sufficient remedy. *Juliano* v. *Farrell,* 196 Conn. 283, 286, 492 A.2d 187 (1985); *Kays, Inc.* v. *Board of Tax Review,* 170 Conn. 477, 480, 365 A.2d 1207 (1976); *Milford Board of Education Assn.* v. *Board of Education,* 167 Conn. 513, 519, 356 A.2d 109 (1975).

As the Appellate Court noted, this court in several cases has implicitly approved mandamus as an appro-

[3] The record does not indicate that any such claim was raised in the trial court. Since the issue is jurisdictional; *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 685, 485 A.2d 1272 (1984); *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979); it may, nevertheless, be considered on appeal. *Kioukis* v. *Kioukis,* 185 Conn. 249, 251 n.2, 440 A.2d 894 (1981); *Molitor* v. *Molitor,* 184 Conn. 530, 533 n.1, 440 A.2d 215 (1981). Similarly, the failure to include such an issue in the petition for certification does not preclude its review. See *State* v. *Torrence,* 196 Conn. 430, 434 nn.5 and 6, 493 A.2d 865 (1985).

priate remedy where it is claimed that a subdivision plan has been automatically approved pursuant to § 8-26 because of the failure of a planning commission to perform its statutory duty within the prescribed time. *M & L Homes, Inc.* v. *Zoning & Planning Commission,* 187 Conn. 232, 445 A.2d 591 (1982); *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 440 A.2d 163 (1981); *Viking Construction Co.* v. *Planning Commission,* 181 Conn. 243, 435 A.2d 29 (1980). In *Vartuli* v. *Sotire,* 192 Conn. 353, 366, 472 A.2d 336 (1984), we held that the pendency of a zoning appeal, "which could do no more than secure approval of the coastal site plan, which already had been approved by operation of law," did not preclude resort to the more expeditious[4] and effective remedy of mandamus in order to "vindicate the plaintiffs' right to the immediate issuance of a building permit." The situation is similar in this case, where the plaintiff claims that her subdivision plan has been approved pursuant to § 8-26 by virtue of the inaction of the commission. If the plan has been approved by operation of law, as she contends, her right to certification of its approval by the commission can most directly, completely and expeditiously be effectuated by mandamus.[5] See *State ex rel. Brooks* v. *Hitchcock,* 33 Conn. Sup. 686, 690–91, 367 A.2d 692 (1976).

---

[4] The complaint in this mandamus action is dated July 31, 1980, almost two years after the commission had on August 15, 1978, refused to issue a certificate of approval as requested. The reasons for this delay do not appear. The defendant had raised no claim of laches or advanced any other ground for defeating the action based upon this extraordinary lapse of time from the onset of the plaintiff's aggrievement. We thus have no occasion to consider the consequences of this delay. We also have no occasion to consider the consequences of a similar delay which transpired before the filing of the administrative appeal, which is still pending in the trial court.

[5] Since a court upon appeal from a decision of a planning commission has authority only to "review, revoke, modify or affirm any act of such commission," it appears that ancillary relief in some form would be necessary where a commission refuses to certify a plan that has been approved.

## II

The trial court concluded that the defeat of the motion to approve the subdivision application was a denial of the subdivision plan, as reflected by the notation in the minutes of the commission that the motion, with stipulations, "was DISAPPROVED" and as indicated by the published legal notice that the "application was DENIED." The Appellate Court decided that "[t]he commission's failure to approve the application with stipulations is not one of the three dispositions authorized in § 8-26," declaring that "[t]he commission's action obviously did not 'approve' or 'modify and approve,' and the defendant just as clearly did not 'disapprove' the subdivision application." *Merlo* v. *Planning & Zoning Commission,* supra, 624.

The automatic approval provision of § 8-26 states that "[t]he failure of the commission to act" upon a subdivision application "shall be considered as an approval . . . . " We have construed this provision to require a planning commission to "approve, modify and approve, or disapprove" such an application within the time allowed in order to avoid the sanction of automatic approval. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 593, 409 A.2d 1029 (1979); *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 544, 244 A.2d 391 (1968). The question before us is whether the defeat of the motion to approve the application subject to the stipulations proposed by the movant constituted a "disapproval" of the application within the intent of the statute. We conclude that this action of the commission did constitute such a disapproval.

The circumstance that the final vote of the commission with respect to the application was upon a motion to *approve,* which was defeated by a majority, and that no motion to *disapprove* was ever voted upon warrants

little discussion. We have previously held that the failure of an application to garner enough votes for its approval amounts to a rejection of the application. *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 696, 220 A.2d 274 (1966); *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 576, 219 A.2d 445 (1966). Here the motion to grant the application did not receive the majority vote necessary for approval, and the minutes, in accordance with our cases, correctly stated that it had been "DISAPPROVED."

The fact that the motion to approve the subdivision plan included certain stipulations not included in the application as submitted by the plaintiff raises a more difficult question. From a parliamentary viewpoint, the defeat of this motion is not the equivalent of a disapproval of the application as submitted by the plaintiff. See Robert's Rules of Order (1979 Rev.) § 33, pp. 144–45. In any practical sense, however, the majority vote against the application as modified by the stipulations contained in the motion, which appear to have been added in order to overcome objections raised by some commission members, indicates that the original subdivision plan would also have failed to receive sufficient votes for approval. If any commission member favored approval of the subdivison without any stipulations and believed that a majority might be similarly inclined, we may presume that such a motion would have been made.

It is the "failure of the commission to *act*" upon an application within the time provided that results in approval by operation of law under § 8-26. (Emphasis added.) We have ascertained that "[t]he obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivison applications for protection of the subdivider." *Finn* v. *Planning & Zoning Commission,* supra, 544. We have also observed that this statutory purpose "will best be

facilitated if subdivision applicants know with certainty that a definite course of statutory action has been taken by a commission, setting in motion clear avenues of appeal." *Carpenter* v. *Planning & Zoning Commission,* supra, 597. This statutory purpose, promptly to inform the subdivider of the status of his application, was adequately fulfilled here by the published notice of the commission that the "motion to approve FAILED TO CARRY: Therefore this application was DENIED." This notice substantially complied with the requirement of the statute for "a simple statement that such application was . . . disapproved . . . . " The plaintiff could not have been misled by that unequivocal announcement. Upon its publication she must be deemed to have known that her application had been disapproved by the commission and that she could then resort to the appeal remedy. Where the statutory purpose of definitive action upon an application within the time provided with proper notification thereof has been achieved, a deviation from standard parliamentary practice does not warrant imposition of the automatic approval sanction.

We conclude that, since the commission itself regarded its vote of June 22, 1978, as a disapproval of the application and the published notice so informed the plaintiff, the application was effectively disapproved on that date, well within the time allowed. The commission, therefore, fulfilled its statutory duty by taking one of the courses of action specified by § 8-26, disapproval of the application. Accordingly, there was no "failure of the commission to act" upon the application, as claimed by the plaintiff, that would result in automatic approval under the statute.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reinstate the judgment of the trial court.

In this opinion PETERS, C. J., HEALEY and CALLAHAN, Js., concurred.

BRENNAN, J., dissenting. I am not prepared to accept the conclusion that a disapproval of the plaintiff's application as modified by stipulations added by the defendant commission constituted a denial of her application within the meaning of General Statutes § 8-26. This statute requires that the commission "approve, modify and approve, or disapprove any subdivision or resubdivision application . . . within the period of time permitted under section 8-26d." General Statutes § 8-26. This statute further provides that "[t]he failure of the commission to act thereon shall be considered as an approval."

Our court has uniformly held that the only action permitted the commission is to "approve, modify and approve, or disapprove any subdivision or resubdivision application," and this provision has been strictly construed. *Shapero* v. *Zoning Board,* 192 Conn. 367, 370, 472 A.2d 345 (1984); *M & L Homes, Inc.* v. *Zoning & Planning Commission,* 187 Conn. 232, 239, 445 A.2d 591 (1982); *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 454, 440 A.2d 163 (1981). For the defendant to add various conditions to the plaintiff's application would constitute in my opinion a modification of her original application. A vote to disapprove the application as modified was not an action permitted by § 8-26. Only three courses of action were permitted the commission. If the legislature had felt that the commission should be permitted a fourth option, i.e., to modify and disapprove, as the defendant apparently assumed, it could have enacted such a provision.

In my judgment, after the plaintiff's application had been disapproved as modified the defendant commission should have acted upon her original application. This it did not do. To assume that the vote to disap-

prove an application as amended is equivalent to a disapproval of the original application is a conclusion I am unable to reach.

The failure of the defendant to take any of the three required courses of action triggered, in my opinion, the automatic approval of § 8-26.

I would therefore find no error in the decision of the Appellate Court.