[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 21, 1997, James McMurray and Joanne McMurray submitted an application to the Redding Zoning Commission seeking approval of a site plan. CT Page 2839
The application sought to sanction the operation of a pool construction business, as a permitted accessory use, in the McMurray's residence located at 3 Dan Beard Lane, West Redding. (Rec. A-1.)
The plaintiffs, Rose Wittemen and Alfred Wittemen, are owners of property located at 7 Dan Beard Lane (Ex. 1), located within 100 feet of a portion of the McMurray property.
The defendant Redding Zoning Commission met on April 23, 1997, at a regular meeting, to consider the application. (Rec. D-1.)
The statute governing approval of site plans, is § 8-3(g) of the Connecticut General Statutes. The statute reads in part:
 A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations. Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired. . . .
Section 8-7d (b), the section applicable here, provides in part as follows:
 Whenever the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations for any building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan.
Section 8-7d (c) defines the day of the receipt of an application as:
 [T]he next regularly scheduled meeting of such commission or board, immediately following the day of submission to such board or commission or its agent of such petition, application, request or appeal or thirty-five days after such submission, whichever is sooner.
Here, the date of the first regularly scheduled meeting following receipt of the application was April 23, 1997, the day CT Page 2840 on which the sixty-five day clock began ticking.
The McMurray application (Rec. A-1) sought site plan approval for an administrative office, in an existing accessory building.
The services to be performed by the company included swimming pool maintenance, servicing, repair, renovation, design and construction, all of which were to be performed at locations other than 3 Dan Beard Lane.
The application further listed the activities to be conducted at 3 Dan Beard Lane, and claimed that the enterprise was a seasonal business, (Rec. A-1.)
Both the scope of the activities at 3 Dan Beard Lane, and the "seasonal" nature of the enterprise were vigorously disputed. The application provoked intense neighborhood opposition (Rec. B-1 through 17), at a public hearing conducted by the defendant commission on June 11, 1997. (Rec. D-3.)
The hearing was attended by commission members Frank Taylor, chairman, Gerry Casiello, vice chairman, Ben Gordon and Marshall Sanford. (Rec. D-3, p. 1.)
At the June 25, 1997 meeting, the four commission members present at the June 11 public hearing were in attendance, along with alternate Hugh Kerraker. (Rec. D-4, p. 1.)
Commissioner Gordon moved that the application be denied, as an improper addition of a home enterprise to a residence.
Commissioner Sanford seconded the motion.
The chairman, Frank Taylor, immediately ruled that if the motion to deny the application failed, it would mean that the application was approved.
Commissioner Gordon at first demurred to the ruling, but later capitulated. (Rec. D-4, p. 4.)
After discussion, and prior to the actual vote, the chairman announced: "Hugh [Kerraker] doesn't get the chance to vote since he wasn't part of the commission at the time of the hearing." (Rec. D-4, p. 9.) CT Page 2841
The record is silent as to whether the alternate member had familiarized himself with the record, and was therefore in a position to cast a vote. A member of a commission need not be present at a public hearing in order to be eligible to vote. Lohv. Plan Zoning Commission, 161 Conn. 32, 42 (1971).
When the vote was taken, two members voted to deny the application (Gordon and Sanford), and two voted in opposition to the motion to deny the application (Taylor and Casiello).
The chairman then announced "The application is approved." (Rec. D-4, p. 9.)
The applicants were notified by letter dated July 11, 1997, that the application had been approved. (Rec. A-2.)
The approval letter stated:
 At the regularly scheduled meeting of the Redding Zoning Commission held on Wednesday, June 25, 1997, at 8 p. m. in the Town Hall Hearing Room, the Commission granted your request for site plan approval to operate a home business as outlined in your letter of April 16, 1997.
The plaintiffs have appealed, claiming four grounds for sustaining the appeal:
1) the commission ignored the persuasive evidence presented proving the intense and dangerous use of the property, inconsistent with the representations made by the applicant;
2) the commission ignored the applicable regulations which do not allow for this commercial use, particularly at a site already approved as a group day care center;
3) the commission ignored the express requirement that explicit approval is required under § 5.10 of its regulations;
4) the commission never approved the application, and a 2-2
vote on a motion to deny the application cannot be deemed an approval. (Plaintiff's brief, p. 13.)
AGGRIEVEMENT CT Page 2842
The plaintiffs claim to be aggrieved by the action of the Redding Zoning Commission.
Section 8-8 (a)(1) of the Connecticut General Statutes defines an aggrieved person as one owning land which abuts or is within 100 feet of any portion of the land involved in a decision.
The plaintiffs own property located within 100 feet of 3 Dan Beard Lane, the property which is the subject of the application.
Having demonstrated ownership of land within 100 feet of three Dan Beard Lane (Ex. 1), the plaintiffs have standing to appeal, without the need to prove classic aggrievement. Smith v.Planning Zoning Board, 203 Conn. 317, 321 (1987).
COMMISSION ACTION ON JUNE 25, 1997, DID NOT HAVE EFFECT OF APPROVING MCMURRAY APPLICATION
The defendant Redding Planning and Zoning Commission claims to have approved the McMurray application by virtue of the 2-2
vote at the June 25, 1997 meeting.
The chairman announced, following the 2-2 vote: "the application is approved." (Rec. D-4, p. 9.)
The letter of July 11, 1997 (Rec. A-2), confirms the commission's position that the meeting of June 25, 1997, resulted in the granting of the application.
The defendants concede that the provisions of § 8-3 (g), presuming approval of a site plan unless a decision to deny or modify is rendered within sixty-five days, do not apply to this situation.
The commission's purported action on June 25, 1997, the sixty-third day following submission of the application, renders the time limits in the statute inapplicable.
The defendant Redding Planning Commission argues that the tie vote on June 25, resulted in approval of the McMurray application, without the necessity of further action by the commission.
What is unambiguously clear from the record, is that one half CT Page 2843 of the commission members present and voting believed that the application should be denied, while one half of the commissioners present and voting disagreed.
A majority of those present and voting did not support approval of the McMurray application. Failure of an applicant to garner enough votes for approval, amounts to a rejection of the application. Hall v. Planning Zoning Board, 153 Conn. 574, 576
(1966); Lupinacci v. Planning Zoning Commission, 153 Conn. 694,696 (1966).
In Merlo v. Planning Zoning Commission, 196 Conn. 676
(1985), the court was faced with a situation in which a motion to approve a subdivision plan was defeated, with four votes in favor, and five opposed.
The court ruled that this vote constituted a denial of the plan. Merlo, supra, 682.
The Merlo court had little difficulty determining that a majority (five) was opposed to the plan. No such inference can be drawn here, when the commission was evenly divided, two in favor of denying the site plan, and two opposed.
The defendant commission cites Michel v. Planning ZoningCommission, 28 Conn. App. 314 (1992), for the proposition that its June 25, 1997 tie vote is the functional equivalent of approval of the site plan application.
The argument is unpersuasive.
In Michel, a motion to deny a change of zone failed, with two commissioners in favor, and three opposed. Subsequent to that vote, the commission voted to approve "the application for zone change and special exception permit." Michel, supra, 326.
The court ruled that two separate votes were in fact taken, and that a majority of the commission favored both the change of zone, and the special exception permit.
The tie vote on June 25, 1997, by the Redding Zoning Commission, can not be interpreted as the functional equivalent of approval of the site plan.
The record fails to demonstrate that a majority of the CT Page 2844 commission favored approval of the site plan, even through the use of reasonable and logical inferences.
What the record instead reflects, is a calculated attempt by the commission chairman to obtain through parliamentary machinations, that which he was unable to achieve in an open, up-or-down vote. (Rec. D-4.)
Since the tie vote is insufficient to approve the McMurray's application, the plaintiffs' appeal must be sustained. Therefore, it is unnecessary to consider the additional grounds raised by the plaintiffs in support of their appeal.
This court is mindful of the fact that it cannot and should not substitute its judgment for the wide and liberal discretion vested in a local zoning authority. Cameo Park Homes, Inc. v.Planning Zoning Commission, 150 Conn. 672, 677 (1963); Summ v.Zoning Commission, 150 Conn. 79, 89 (1962); Couch v. ZoningCommission, 141 Conn. 349, 359 (1954).
The decision of a local zoning authority should not be disturbed, if an honest judgment has been reasonably and fairly made after full hearing. Jaser v. Zoning Board of Appeals,43 Conn. App. 545 (1966); Krawski v. Planning Zoning Commission,21 Conn. App. 667 (1990); Zieky v. Town Plan Zoning Commission,151 Conn. 265, 267-68 (1963); Nicoli v. Planning ZoningCommission, 171 Conn. 89, 94 (1976).
In this instance, however, the Redding Zoning Commission made no findings, and came to no conclusions by a majority vote of the commissioners present and voting.
Site plans can only be modified or denied if they fail to comply with requirements already set forth in the zoning regulations. Section 8-3 (g) of the Connecticut General Statutes.
That determination is one for the Redding Zoning Commission, and not for this court.
Presumably, if a second application is filed by the McMurrays, and five members of the commission vote on the merits of the application in an atmosphere where independent judgment may be exercised freely, the commission will have spoken, and the proper standard will be applied. CT Page 2845
The appeal of the plaintiffs, Alfred O. Wittemen and Rose S. Wittemen, is SUSTAINED.
RADCLIFFE, J.