[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 3, 2001, the Wiznias applied to the commission requesting approval of a twenty-five lot subdivision, Walnut Grove Estates. (ROR, Item A.) The commission received the subdivision application at a June 4, 2001 meeting (ROR, Item B, p. 1); and public hearings were held on September 4, 2001 and October 1, 2001. (ROR, Item H; Item K.) The Wiznias additionally submitted separate applications requesting special permits to create two rear lots in the proposed subdivision on October 11, 2001 (ROR, Item P; Item Q); which were denied by majority votes at the same meeting as, but prior to, the commission's determination of the subdivision application on December 17, 2001. (ROR, Item AA, pp. 2-3.) The public hearing on the subdivision application was closed on November 5, 2001. (ROR, Item T, p. 42.) At a December 17, 2001 meeting, a vote by the commission to approve the subdivision application with modifications resulted in a tie (ROR, Item AA, p. 3); and the commission denied the application. (ROR, Item DD.) The Wiznias timely commenced this appeal on January 8, 2002, alleging that the commission failed to act on their original subdivision application (Appeal ¶ 10); that on January 14, 2002, they made demand on the commission for a certificate of subdivision approval, claiming that the failure of the motion voted on by the commission to "approve an application with certain modifications consisting of the combination of land on two of the proposed lots into contiguous neighboring lots" does not constitute an action on the application as required by General Statutes § 8-26 (Appeal, ¶ 12); and that the commission did not respond to their demand, (Appeal, ¶ 14.)
 JURISDICTION
General Statutes § 8-8 (b) provides in pertinent part that "[a]ny person aggrieved by any decision of a board . . . may take an appeal to the superior court for the judicial district in which the municipality is located." "A statutory right to appeal may be taken advantage of only by CT Page 3845 strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Bridgeport Bowl-O-Rama, Inc. v.Zoning Board of Appeals, 195 Conn. 276, 283, 487 A.2d 559 (1985).
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." (Internal quotation marks omitted.) Harris v. Zoning Commission,259 Conn. 402, 409, 788 A.2d 1239 (2002). Aggrievement is a factual issue, "and credibility is for the trier of the facts." (Internal quotation marks omitted.) Quarry Knoll II Corp. v. Planning ZoningCommission, 256 Conn. 674, 703, 780 A.2d 1 (2001). An owner of property that is the subject of an application is aggrieved for the purpose of bringing an appeal and a plaintiff may prove aggrievement at the time of trial; Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 308, 592 A.2d 953 (1991); or "by the production of the original documents or certified copies from the record." (Internal quotation marks omitted.) Quarry Knoll II Corp. v. Planning ZoningCommission, supra, 703.
In the present appeal, the Wiznias allege statutory aggrievement as the owners of the property affected by the commission's decision. (Appeal, ¶¶ 1, 2.) At trial, Robert Wiznia testified that he and his wife have owned and continue to own the property affected by the commissions's decision. The Court finds the Wiznias have sufficiently alleged and proven aggrievement.
 Timeliness and Service of Process
Notice of a planning commission's decision is generally governed by General Statutes § 8-28, which provides that "[n]otice of all official actions or decisions of a planning commission . . . shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision. Any appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8." General Statutes § 8-26
further provides that "notice of the decision [on subdivision plans] of the commission shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person applying to the commission under this section . . . within the time permitted under section 8-26d."
General Statutes 8-26d provides in pertinent part: "In all matters wherein a formal application, request or appeal is submitted to a CT Page 3846 planning commission under this chapter and a hearing is held on such application, request or appeal . . . [a]ll decisions on such matters shall be rendered within sixty-five days after completion of such hearing."
General Statutes § 8-8 (b) provides in relevant part that an "appeal shall be commenced by service of process in accordance with subsections (f) and (g) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (f) provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The hearings on the subdivision application were closed on November 5, 2001. (ROR, Item T, p. 42.) At trial, the parties stipulated to the fact that the commission's decision of denial was published in the New HavenRegister on December 27, 2001. A letter, dated December 27, 2001, informing the Wiznias of the decision to deny their subdivision application was sent by certified mail to the Wiznias. (ROR, Item DD.) This appeal was thereafter commenced by service of process on the town clerk, Stephanie Ciarleglio, and the Woodbridge Planning and Zoning Commission clerk, Kristine Sullivan, on January 8, 2002. The Court finds the appeal was commenced in a timely fashion by service of process on the proper parties.
 SCOPE OF REVIEW
"The Superior Court's scope of review is limited to determining only whether the board's actions were unreasonable, arbitrary or illegal."RR Pool Patio v. Zoning Board of Appeals,257 Conn. 456, 470, 778 A.2d 61 (2001). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, 233 Conn. 198, 206, 658 A.2d 559 (1995). "The [decision] must be sustained if even one of the stated reasons is sufficient to support it . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." (Internal quotation marks omitted.) Id., 208.
When "the motion to grant the application [fails] of passage upon [a] tie vote . . . the board, as a body, [can] give no reason . . ." Hall v.CT Page 3847Planning and Zoning Board of Milford, 153 Conn. 574, 576, 219 A.2d 445
(1966); see also R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) § 21.7, p. 459. Where the board "does not formally state the reasons for its decision . . . the trial court must search the record for a basis for the board's decision." Bloom v. ZoningBoard of Appeals, supra, 233 Conn. 208.
"[E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Heithaus v. Planning Zoning Commission, 258 Conn. 205, 221, 779 A.2d 750 (2001). "The credibility of witnesses and the determination of factual issues are matters within the province of the [administrative] agency." (Internal quotation marks omitted.) DeBeradinis v. Zoning Commission, 228 Conn. 187,198 635 A.2d 1220 (1994). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Internal quotation marks omitted.) Id., 200. "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." (Internal quotation marks omitted.) Francini v. ZoningBoard of Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994).
A letter of notification of decision addressed to the Wiznias from the commission informed the Wiznias that "A tie vote on a motion must be considered a denial. Therefore based on the tie vote taken by the Commission on the motion to approve your subdivision application for Walnut Grove Estates subject to modifications, your subdivision application for Walnut Grove Estates has been denied." (ROR, Item DD.) The Court finds that the commission did not issue a "formal collective statement of reason for its actions" and the court must search the record to determine if a basis exists to deny the application. Bloom v. ZoningBoard of Appeals, supra, 233 Conn. 208.
 DISCUSSION
As set forth above, the commission denied the Wiznias' application to create a twenty-five lot subdivision "based on the tie vote taken by the Commission on the motion to approve [the] subdivision application . . . subject to modifications . . ." (ROR, Item DD.) The Wiznias appeal on the basis that the commission failed to act on its original subdivision application as required by General Statutes § 8-26.
Walnut Grove Estates is a proposed twenty-five lot subdivision of an approximately seventy-three acre parcel (ROR, Item U3C); located off of Northrop, Ansonia and Racebrook roads in the town of Woodbridge. (ROR, CT Page 3848 Item A.) The property lies within a zone A district (ROR, Item J1F, p. 2); which permits single-family residential buildings. (ROR, Item GG, p. 15.)
The Wiznias argue that the commission never "approved, modified and approved or disapproved the Original Application within sixty-five days of November 5, 2001, the date of the last public hearing on the Original Application." (Wiznias' Brief, p. 8.) They contend that the commission merely moved to modify the original application and the motion was defeated. Id. As a result, the commission "modified and disapproved the proposed modification of the Original Application, which made the application voted on by the Commission" a different application than was submitted, and General Statutes 8-26 "specifically excludes modification and disapproval." (Emphasis in original.) (Wiznias' Brief, p. 9.)
The Wiznias argue further that because the two proposed rear lots were not approved, they were not part of the subdivision and the commission exceeded its authority "by proposing to modify [the Wiznias'] subdivision application so as to include land which was not part of the original application." (Wiznias' Reply Brief, pp. 5-7.) The Wiznias contend that the commission's "action was illegal and cannot be considered a modification within the meaning of [General Statutes §] 8-26" (Wiznias' Reply Brief, pp. 7-8); and the commission, therefore, did not act on the original application.
In opposition, the commission argues that it did not modify and disapprove the subdivision application. Rather, a motion was made and seconded to approve the subdivision with a modification, and a vote was taken which resulted in a tie. (Commission's Brief, pp. 12-13.) The commission contends that the tie vote constitutes a denial of the application and is therefore an act within the meaning of § 8-26. The commission further contends that the Wiznias concede the motion was defeated due to the tie vote. (Commission's Brief, p. 13.)
Our Supreme Court has held that "the failure to garner enough votes for its approval amounts to a rejection of the application." Merlo v.Planning Zoning Commission, 196 Conn. 676, 495 A.2d 268 (1985). The issue in the present appeal, therefore, is whether a rejection of this nature constitutes an act by the commission within the meaning of General Statutes § 8-26.
General Statutes § 8-26 provides in pertinent part that "[t]he commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application or maps and plans submitted therewith . . . within the time permitted under section 8-26d." General CT Page 3849 Statutes § 8-26d provides in pertinent part: "In all matters wherein a formal application, request or appeal is submitted to a planning commission under this chapter and a hearing is held on such application, request or appeal . . . [a]ll decisions on such matters shall be rendered within sixty-five days after completion of such hearing." General Statutes § 8-26 further provides that "nothing in this section shall be deemed to authorize the commission to approve any . . . subdivision or resubdivision which conflicts with applicable zoning regulations."
"The purpose of § 8-26 is to ensure expeditious action on the part of municipal planning commissions. It is the failure of the commission to act upon an application within the time provided that results in approval by operation of law under § 8-26 . . . [T]he obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider . . . [T]his statutory purpose will best be facilitated if subdivision applicants know with certainty that a definite course of statutory action has been taken by a commission, setting in motion clear avenues ofappeal." (Emphasis in original; citation omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 389, 752 A.2d 503 (2000).
In Merlo v. Planning Zoning Commission, supra, 196 Conn. 676, our Supreme Court "concluded that the commission had acted in accordance with § 8-26 when . . . it moved to approve the plaintiff's application subject to three stipulations . . . [T]he defeat of the motion to approve the application subject to the stipulations proposed by the movant constituted disapproval of the application within the intent of the statute . . . Our focus . . . properly was on the action of the commission, not the specific nature of the action." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 389,752 A.2d 503 (2000). Likewise, the court has held that a commission has acted on an application within the meaning of § 8-26 when the commission voted not to accept an application because an appeal of the commission's denial of the same, earlier application was pending in Superior Court. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 311-12, 592 A.2d 953 (1991). Most recently, the court determined that the substance of the commission's conduct in rejecting and refusing to process a subdivision application is irrelevant in determining whether the commission had taken action, and the commission's act is one that is contemplated in § 8-26 when it puts the plaintiff on notice as to the status of his application. Miles v.Foley, supra, 381.
A review of the record reveals the following. On May 3, 2001, the Wiznias submitted to the commission a subdivision application (ROR, Item CT Page 3850 A); accompanied by a subdivision map that depicted two of the twenty-five proposed lots, lot sixteen and lot twenty, as rear lots. (ROR, Item J1F.) Modifications to the application and map were subsequently made by the Wiznias, and a final subdivision map was submitted on September 25, 2001, which also depicted rear lots sixteen and twenty. (ROR, Item M2E.) The Wiznias submitted separate special permit applications requesting approval for the creation of proposed rear lots sixteen and twenty in response to opposition voiced at a public hearing. (ROR, Item P; Item Q.) The commission held separate hearings on the special permit applications, which were denied by majority in separate votes on December 17, 2001. (ROR, Item AA, pp. 1-2.) Deliberation on the subdivision application took place on December 17, 2001 following the vote on the special permit applications. (ROR, Item AA, p. 3-4.) The commission voted on a motion to approve the application with a modification that would combine the rear lots with adjacent lots in the subdivision because the rear lot special permits had not been approved. (ROR, Item AA, p. 2.) The vote resulted in a tie, and the application was deemed to be denied. (ROR, Item AA, pp. 2-3.)
The record further reveals that the commission was aware of the statutory sixty-five day period within which it was required to act on the Wiznias' subdivision application, and was concerned with making a decision on the Wiznias' application within that time period. A transcript of a June 18, 2001 commission meeting reveals that the commission calculated the time period in which they could postpone a hearing on the Wiznias' application, in light of the Wiznias' submission that requested an extension on the commencement of the hearing on their application to September. (ROR, Item D, p. 2.) During a July 2, 2001 meeting, the commission clarified that the time began to run on the date the applicant submitted the application. (ROR, Item F, p. 3.) On September 4, 2001, the hearing on the Wiznias' application was begun and continued, with the commission expressing appreciation to the Wiznias' attorney for advising the commission to note on the record that the hearing was opened on that date and continued to the next hearing date "to [avoid] any problem with the 65 day rule." (ROR, Item H, pp. 8-9.) Moreover, at the December 17, 2001 commission meeting, during which the commission's vote on a motion to "approve [the Wiznias' application] with modification of plans" (ROR, Item AA, p. 3); resulted in a tie and therefore a denial, the clerk offered to consult Town Counsel to ensure that the tie vote was adequate action to constitute a denial. (ROR, Item AA, p. 4.)
Notice of the commission's decision, dated December 27, 2001 and sent to the Wiznias by certified mail, stated: "After discussion at its meeting on December 17, 2001, a motion to approve the subdivision CT Page 3851 application subject to modifications was made. The vote taken by the Commission on that motion resulted in a tie vote. A tie vote on a motion must be considered a denial. Therefore based on the tie vote taken by the commission on the motion to approve your subdivision application for Walnut Grove Estates subject to modifications, your subdivision application for Walnut Grove Estates has been denied." (ROR. Item DD.)
The record shows that the commission deliberately sought to avoid an automatic approval due to inaction within the sixty-five day period mandated by General Statutes § 8-26. The commission deliberated on the application that, as submitted, depicted two rear lots. The commission voted to approve with modification, as permitted pursuant to § 8-26, and ultimately denied the application by virtue of a tie vote. Upon receipt of the letter of decision, the Wiznias were sufficiently apprised "with certainty that a definite course of statutory action [had] been taken by [the] commission, setting in motion clearavenues of appeal." (Emphasis in original; internal quotation marks omitted.) Miles v. Foley, supra, 253 Conn. 389.
The Court finds the commission engaged in an act contemplated by General Statutes § 8-26 when it denied the Wiznias' subdivision application as a result of a tie vote on a motion to approve with modification. Therefore, the appeal is dismissed.
Brunetti, J. CT Page 3852