[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Wiznias allege the following facts. On June 4, 2001, the Wiznias applied to the commission for approval of a twenty-five lot residential subdivision of an approximately seventy-three acre parcel of undeveloped land that they own in the town of Woodbridge. The commission held public hearings on the application on September 4, 2001, October 1, 2001, and November 5, 2001. On December 17, 2001, the commission "failed to adopt a motion to approve with modification of plan which combined land on two of the proposed lots in the Application into contiguous neighboring lots." (Complaint, ¶ 6.) By way of a letter dated January 14, 2002, the Wiznias demanded that the commission issue a certificate of approval for their application. (Complaint, Exhibit A.) The commission, however, refused.
On January 22, 2002, the Wiznias filed this mandamus action, accompanied by a memorandum in support, seeking an order from the court to compel the commission to issue a certificate of approval of the twenty-five lot subdivision application on the ground that the commission did not act on the application within the sixty-five day period required by General Statutes § 8-26. On September 3, 2002, the commission filed a memorandum in opposition, and a reply memorandum was filed by the Wiznias on October 4, 2002. At trial, the parties stipulated that the return of record for the hearings before the commission and the commission's deliberations on the Wiznias' applications for special permits to create two rear lots in a proposed twenty-five lot subdivision, and the twenty-five lot subdivision application, itself, has been submitted as evidence. The parties additionally stipulated to the fact that the commission's denial of the subdivision application was published in the New Haven Register on December 27, 2001.
 DISCUSSION
The Connecticut Superior Court is empowered to issue a writ of mandamus CT Page 4080 "in any case in which a writ of mandamus may by law be granted." General Statutes § 52-485 (a). "Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Internal quotation marks omitted.) Miles v.Foley, 253 Conn. 381, 391, 752 A.2d 503 (2000). "Even satisfaction of this demanding test does not, however, automatically compel issuance of the requested writ of mandamus . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity." (Citation omitted.) Hennessey v. Bridgeport,213 Conn. 656, 659, 569 A.2d 1122 (1990).
"An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." (Internal quotation marks omitted.) Bianco v. Darien, 157 Conn. 548,554-55, 254 A.2d 898 (1969). "The failure to exhaust an available administrative remedy is . . . a proper ground for denying mandamus."Juliano v. Farrell, 196 Conn. 283, 286, 492 A.2d 187 (1985).
"In an action for mandamus, the aggrieved party has the burden of proving deprivation of a clear legal right." (Internal quotation marks omitted.) Light v. Board of Education, 170 Conn. 35, 38, 364 A.2d 229
(1975); see also Stratford v. State Board of Mediation Arbitration, 239 Conn. 32, 44, 681 A.2d 281 (1996). "If a public official or public agency has a duty to perform a particular act and fails in the discharge of that duty, a writ of mandamus is the proper remedy for compelling performance of the act." (Internal quotation marks omitted.)Grasso v. Zoning Board of Appeals, 69 Conn. App. 230, 249, 794 A.2d 1016
(2002).
"The duty [a mandamus] must be a ministerial one; the writ will not lie to compel the performance of a duty which is discretionary." Becchia v.Waterbury, 185 Conn. 445, 453, 441 A.2d 131 (1981). "[M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628,749 A.2d 630 (2000). "Furthermore, where a public officer acts within the CT Page 4081 scope of delegated authority and honestly exercises her judgment in performing her function, mandamus is not available to review the action or to compel a different course of action." Clark v. Gibbs, 184 Conn. 410,419, 439 A.2d 1060 (1981).
The Wiznias argue that a mandamus is proper in the present case because the commission failed to act on their application within the time period and in the manner specified by General Statutes §§ 8-26 and 8-26d, and because they have no adequate remedy at law as they are denied any reasonable use of their property without a certificate of approval for their subdivision application from the commission. (Wiznias' Brief, p. 5.) The Wiznias contend that the commission's tie vote to approve the subdivision with a modification, that two proposed rear lots in the subdivision be combined with adjacent lots, was a vote to modify the application, not a vote to approve, modify and approve or disapprove as required by General Statutes § 8-26. (Wiznias' Brief, p. 7.) The Wiznias contend that the commission "modified and disapproved the proposed modification of the Original Application," that modification and disapproval is not an act contemplated by General Statutes § 8-26, and that the motion to approve with modifications rendered "the application voted on by the Commission different than the Original Application." (Emphasis in original.) (Wiznias' Brief, pp. 7-8). The Wiznias argue that because their original application did not contain an application for two rear lots to be created, the commission's vote to approve with a modification that combined the two proposed rear lots into contiguous neighboring lots does not constitute an action on the original application. (Wiznias' Reply Brief, pp. 3-4.) The Wiznias further contend that the commission exceeded its authority by proposing to modify their subdivision application to include land which was not part of the original application, that is, the two proposed rear lots. (Wiznias' Reply Brief, p. 5.)
In opposition, the commission argues that the Wiznias have no clear legal right to a mandamus compelling the issuance of a certificate of approval for the subdivision application because its denial of the application as a result of the tie vote taken on a motion to "approve with a modification" is an action within the meaning of General Statutes § 8-26, and the modification was within the Wiznias' control. (Commission's Brief, p. 11.)
General Statutes § 8-26 provides in pertinent part that "[t]he commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application or maps and plans submitted therewith . . . within the time permitted under section 8-26d." General Statutes § 8-26d provides in pertinent part: "In all matters wherein CT Page 4082 a formal application, request or appeal is submitted to a planning commission under this chapter and a hearing is held on such application, request or appeal . . . [a]ll decisions on such matters shall be rendered within sixty-five days after completion of such hearing." General Statutes § 8-26 further provides that "nothing in this section shall be deemed to authorize the commission to approve any . . . subdivision or resubdivision which conflicts with applicable zoning regulations."
"The purpose of § 8-26 is to ensure expeditious action on the part of municipal planning commissions. It is the failure of the commission to act upon an application within the time provided that results in approval by operation of law under § 8-26 . . . [T]he obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider . . . [T]his statutory purpose will best be facilitated if subdivision applicants know with certainty that a definite course of statutory action has been taken by a commission, setting in motion clear avenues ofappeal. (Citation omitted; emphasis in original; internal quotation marks omitted.) Miles v. Foley, supra, 253 Conn. 389.
"In Merlo, [our Supreme Court in 1985] concluded that the commission had acted in accordance with § 8-26 when . . . it moved to approve the plaintiff's application subject to three stipulations . . . [T]he defeat of the motion to approve the application subject to the stipulations proposed by the movant constituted disapproval of the application within the intent of the statute." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, supra, 253 Conn. 381,389, 752 A.2d 503 (2000); citing Merlo v. Planning Commission,196 Conn. 676, 682, 495 A.2d 268 (1985). Similarly, in 1991, the court held that a commission, although in abuse of its discretion, nonetheless has acted on an application within the meaning of § 8-26 when it voted not to accept an application because an appeal of the commission s denial of the same, earlier application was pending in Superior Court.Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 311-12, 592 A.2d 953 (1991). Most recently, the court determined that the substance of the commission's conduct in rejecting and refusing to process a subdivision application was irrelevant in determining whether the commission had taken action, and the commission's act was one that was contemplated in § 8-26 when it put the plaintiff on notice as to the status of his application. Miles v. Foley, supra, 381.
A review of the record reveals the following. On May 3, 2001, the Wiznias submitted to the commission a subdivision application; (ROR, Item A.); accompanied by a subdivision map that depicted two of the CT Page 4083 twenty-five proposed lots, lot sixteen and lot twenty, as rear lots. (ROR, Item J1F.) Modifications to the application and map were subsequently made by the Wiznias, and a final subdivision map was submitted on September 25, 2001, which also depicted rear lots sixteen and twenty. (ROR, Item M2E.)
The Wiznias submitted separate special permit applications requesting approval for the creation of proposed rear lots sixteen and twenty in response to opposition voiced at a public hearing. (ROR, Item P; Item Q.) The commission held separate hearings on the special permit applications, which were denied by a majority in separate votes on December 17, 2001. (ROR, Item AA, pp. 1-2.) Deliberation on the subdivision application took place on December 17, 2001 following the votes on the special permit applications. (ROR, Item AA, p. 3-4.) The commission deliberated on the subdivision application as it was filed and presented, and determined that without the rear lot approval the plan did not comply with the town's regulations. (ROR, Item AA, p. 3.) The vote resulted in a tie, and the application was deemed to be denied. (ROR, Item AA, pp. 2-3.)
The record further reveals that the commission was aware of the statutory sixty-five day period within which it was required to act on the Wiznias' subdivision application, and was concerned with rendering a decision on the Wiznias' application within that time period. A transcript of a June 18, 2001 commission meeting reveals that the commission calculated the time period in which it could postpone a hearing on the Wiznias' application in light of the Wiznias' request to extend the commencement of the hearing on their application to September. (ROR, Item D, p. 2.) During a July 2, 2001 meeting, the commission clarified that the time began to run on the date the applicant submitted the application. (ROR, Item F, p. 3.) On September 4, 2001, the hearing on the Wiznias' application was begun and continued, with the commission expressing appreciation to the Wiznias' attorney for advising the commission to note on the record that the hearing was opened on that date and continued to the next hearing date "to [avoid] any problem with the 65 day rule." (ROR, Item H, pp. 8-9.) Moreover, at the December 17, 2001 commission meeting, during which the commission's vote on a motion to "approve [the Wiznias' application] with modification of plans"; (ROR, Item AA, p. 3); resulted in a tie and therefore a denial, the clerk offered to consult Town Counsel to ensure that the tie vote was adequate action for denial. (ROR, Item AA, p. 4.)
Notice of the commission's decision, dated December 27, 2001, and sent to the Wiznias by certified mail, stated: "After discussion at its meeting on December 17, 2001, a motion to approve the subdivision CT Page 4084 application subject to modifications was made. The vote taken by the Commission on that motion resulted in a tie vote. A tie vote on a motion must be considered a denial. Therefore, based on the tie vote taken by the commission on the motion to approve your subdivision application for Walnut Grove Estates subject to modifications, your subdivision application for Walnut Grove Estates has been denied." (ROR, Item DD.)
It is well established that "the failure to garner enough votes for its approval amounts to a rejection of the application." Merlo v. Planning Zoning Commission, supra, 196 Conn. 676. Moreover, in two concurrent appeals, this court held that substantial record evidence supports the commission's findings and decisions denying the special permit applications to create rear lots sixteen and twenty. See Wiznia v.Woodbridge Planning Zoning Commission, Superior Court, judicial district of New Haven, Docket No. CV 02 0460159 (March 25, 2003, Brunetti, J.); Wiznia v. Woodbridge Planning Zoning Commission, Superior Court, judicial district of New Haven, Docket No. CV 02 0460161 (March 25, 2003, Brunetti, J.).
The record shows that the commission deliberately sought to avoid an automatic approval due to inaction within the sixty-five day period mandated by General Statutes § 8-26. The commission deliberated on the application that, as submitted, depicted two unapproved rear lots in violation of the regulations. The commission voted to approve with modification, and ultimately denied the application by virtue of a tie vote.
General Statutes § 8-26 specifically provides that the planning and zoning commission can "modify and approve" an application. Here, the commission voted on just such a motion. Upon receipt of the letter of decision, the Wiznias were sufficiently apprised "with certainty that a definite course of statutory action [had] been taken by [the] commission, setting in motion clear avenues of appeal." (Emphasis in original; internal quotation marks omitted.) Miles v. Foley, supra,253 Conn. 389. The Court finds the commission engaged in an act CT Page 4085 contemplated by § 8-26 when it denied the Wiznias' subdivision application as a result of a tie vote on a motion to approve with modification. General Statutes § 8-8 (b) provides: "Any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." Accordingly, the Wiznias have failed to sustain their burden of showing they have a clear legal right to a mandamus and no adequate legal remedy.
For the foregoing reasons, the mandamus is denied.
Brunetti, J. CT Page 4086